540 P.2d 687

**Leroy SHREVE dba Lee's Refrigeration, Appellant,**

v.

**WESTERN COACH CORPORATION, Appellee.**

**No. 12005.**

Supreme Court of Arizona,
In Banc.

Oct. 1, 1975.

---

Tupper, Rapp, Salcito & Schlosser, P. A., by Edward C. Rapp and Gerald D. Tupper, Phoenix, for appellant.

Kaplan, Kaplan, Jacobowitz & Hendricks, P. A., by Henry Jacobowitz, Phoenix, for appellee.

CAMERON, Chief Justice.

This is an appeal by the appellant, Leroy Shreve, dba Lee's Refrigeration, from a verdict and judgment in favor of appellee Western Coach Corporation on a counterclaim for wrongful garnishment.

The sole question presented on appeal is whether an individual who invokes rights granted by an apparently valid statute can be subjected to civil liability when the statute is subsequently declared unconstitutional.

The sequence of events relevant to the present appeal is as follows. On 9 June 1969 the United States Supreme Court handed down its opinion in *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). The court there held a Wisconsin statute providing for the prejudgment garnishment of wages without notice or hear-

ing to be unconstitutional under the due process clause of the 14th Amendment.

In *Termplan, Inc. v. Superior Court of Maricopa County,* 105 Ariz. 270, 463 P.2d 68 (1969), we interpreted Sniadach as not extending to prejudgment garnishments of property other than wages. We thus upheld the constitutionality of the Arizona prejudgment garnishment statute A.R.S. §§ 12–1521, 1522 as applied to other types of property. We reiterated this holding in *First National Bank and Trust Co. v. Pomona Machinery Co.,* 107 Ariz. 286, 486 P.2d 184 (1971).

Appellant filed suit on 4 November 1971, alleging that appellee was indebted for labor and materials in the amount of $13,161.83 furnished on open account. On 15 November 1971, appellant filed an affidavit and bond on garnishment. On 17 November, a writ of garnishment in the amount of $13,161.83 plus costs was issued by the clerk of the court against the United Bank as garnishee-defendant. Appellee's account contained $20,984.93 at the time and by agreement between the parties the amount to be garnished was agreed to be $13,311.83.

On 29 November 1971, appellee filed an answer and counterclaim, Count 4 of the counterclaim being the suit for wrongful garnishment at issue here. On 30 November 1971, appellee filed suit in federal court naming as defendants appellant and Wilson D. Palmer, Clerk of the Maricopa County Superior Court, and requesting that a 3-judge court be convened. By way of relief, appellee sought to have the writ of garnishment quashed and appellant enjoined from proceeding with it on the grounds that the Arizona prejudgment garnishment statute was unconstitutional as applied to bank accounts. On 15 May 1972, the 3-judge court disbanded, finding that it lacked jurisdiction to grant the requested injunctive relief.

On 12 June 1972, the United States Supreme Court issued its opinion in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In Fuentes, supra, a four-justice majority of the court struck down Florida and Pennsylvania prejudgment replevin statutes on the grounds that the statutes allowed for the seizure of property without prior notice and hearing.

On 15 June 1972, Hon. C. A. Muecke, United States District Judge for the District of Arizona, held that the Arizona prejudgment garnishment statutes are unconstitutional under *Sniadach,* supra, and *Fuentes,* supra. See *Western Coach v. Shreve,* 344 F.Supp. 1136 (D.Ariz.1972) aff'd 475 F.2d 754 (9th Cir. 1973).

On 15 November 1972, we decided *Roofing Wholesale Co., Inc. v. Palmer,* 108 Ariz. 508, 502 P.2d 1327 (1972) with two justices dissenting, whereby we declined to recognize *Fuentes v. Shevin,* supra, as binding precedent in Arizona since as noted above, only four justices joined the majority opinion in that case. We thus reaffirmed our earlier holdings in *Termplan, Inc.,* supra, and *First National Bank and Trust,* supra, that the Arizona prejudgment garnishment statutes, except as applied to wages, are constitutional. However, we did not attempt to overrule Judge Muecke's ruling in *Western Coach,* supra, which we noted was "limited to that case only." *Roofing Wholesale Co., Inc. v. Palmer,* supra, 108 Ariz. at 510, 502 P.2d at 1329.

On 18 January 1973, the trial court granted appellee's motion to quash the garnishment. On 7 February 1973, after trial on the merits of appellant's original claim, judgment was entered in favor of appellant in the amount of $10,897.02.

Appellee's counterclaim for wrongful garnishment was tried on 26 April 1973; judgment in favor of appellee in the amount of $4,890.18 was entered on 29 May 1973. It is from the judgment that appellant appeals.

■ At common law, a declaration of unconstitutionality had complete retroactive effect. Thus it was said that an unconstitutional law

"* * * confers no rights; it imposes no duties; it affords no protection; it

creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County*, 118 U.S. 425, 442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178 (1886).

This Blackstonian view, based on the theory that judges discover, rather than make the law, has been considerably eroded with time, cf. *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932); *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and is not the law in Arizona.

■ In *Texas Co. v. State*, 31 Ariz. 485, 254 P. 1060 (1927), the Governor's veto of a tax bill had been declared unconstitutional. The question raised was whether the appellant oil company, which paid no taxes under the bill from the time of the veto until it learned that the veto was to be tested in court, was liable for the taxes which would have been due had the law been in effect. We held that the appellant was not liable, reasoning that:

"* * * it would be the height of injustice for the state to penalize, either by criminal process or civil action, one of its citizens for obeying a law which on its face was adopted in a constitutional manner, but which was, after such obedience by the citizen, held to be unconstitutional. And therefore, * * * we hold that in Arizona the citizen who obeys such a law cannot be penalized by the state for so doing." 31 Ariz. at 502, 254 P. at 1065.

Similarly in *Austin v. Campbell*, 91 Ariz. 195, 370 P.2d 769 (1962), we stated as follows:

"The reasons for adhering to the view that citizens are entitled to rely upon an enactment of the legislature until repealed or declared unconstitutional are as cogent today as in 1927 when the Texas Co. case was decided. However

desirable the total nullity doctrine of Norton may be from the standpoint of symmetrical jurisprudence it does not conform to reality. For a statute, until legislatively or judicially excised, is an operative fact which cannot be ignored. This court presumes every legislative act constitutional and indulges in every intendment in favor of its validity. *Hudson v. Kelly*, 76 Ariz. 255, 259, 263 P.2d 362, 364 (1953). No penalties should be visited upon the citizenry for doing likewise." 91 Ariz. at 203, 370 P.2d at 775.

A common feature of Austin, supra, and Texas Co., supra, is that each involved an attempt by the State to impose penalties upon a private party for acts done in accordance with a law valid at the time the acts were performed but later held unconstitutional. In those cases we held that the State may not penalize a citizen for relying on its pronouncements through the legislature or the executive branch.

Other courts have extended this rationale to fact situations analogous to the present one. In *Downs v. Jacobs*, 272 A.2d 706 (Del.Supr.1970), a landlord invoked the Delaware Landlord Distress Law, causing appellant-tenant's property to be seized by the constable for alleged nonpayment of rent. The tenant sued both the landlord and the constable, arguing that the law was unconstitutional. Without reaching the question of constitutionality, the Delaware court held that the defendants were entitled to rely upon the statute and consequently could not be held liable for damages. Citing *Austin v. Campbell*, supra, the court stated:

"* * * The landlord and the constable in the instant case were entitled to rely upon that presumption of constitutionality and validity, and to act reasonably and in good faith under the provisions of the Law as it then existed. Citizens and public officials have a right to accept the law as it is written until it is repealed or judicially condemned. They are not required to speculate upon

the validity of a statute or to act under it at their peril. Until legislatively or judicially excised, a statute is an operative fact. Courts presume every legislative act constitutional and indulge every intendment in favor of validity. No penalty may be visited upon citizens for doing likewise. * * *" 272 A.2d at 707. See also *Wainwright v. National Dairy Products Corp.*, 304 F.Supp. 567 (N.D.Ga. 1969); *State v. Village of Garden City*, 74 Idaho 513, 265 P.2d 328 (1953); *Allen v. Holbrook*, 103 Utah 319, 135 P.2d 242 (1943) and cases cited therein.

We agree and hold that a citizen may rely upon a statute without liability until it is declared, in fact, unconstitutional. To hold otherwise would not only fail to recognize the prerogative of the legislature in the statutory field as we are required to do by the doctrine of separation of powers, but would result in grave injustice to those citizens who acted in response thereto.

 Appellee, however, further attacks appellant's reliance on the Arizona garnishment statute as not being in good faith. We do not agree. Wholly apart from the general presumption of validity that attaches to any statute, *Hudson v. Kelly*, 76 Ariz. 255, 263 P.2d 362 (1953), appellant had ample reason to rely on the validity of the statute in this case. At the time of the filing of the writ, we had already held on two separate occasions that the statutes in question were valid under the federal constitution. *Termplan, Inc.*, supra; *First National Bank and Trust*, supra. Indeed, in *First National Bank and Trust* we had specifically addressed the issue of the garnishment of a bank account. There can thus be no question that appellant acted in good faith in invoking the garnishment procedures set forth in the statute and we find no evidence from the record before us of bad faith on the part of the appellant. Accordingly, we hold that judgment was improperly granted.

Judgment reversed. Remanded with direction to dismiss the counterclaim.

STRUCKMEYER, V. C. J., HAYS, HOLOHAN, JJ., and JACOBSON, Court of Appeals Judge, concurring.

LOCKWOOD, J., did not participate in the determination of this matter and Judge EINO M. JACOBSON, Court of Appeals Judge, Division One, sat in her stead.