STATE of Missouri, ex rel. Bedford F. KNIPSCHILD, M.D., Relator,

v.

Honorable William T. BELLAMY, Jr., Judge, Circuit Court, Saline County, Respondent.

STATE of Missouri, ex rel. Michael A. FIGURA, D.P.M., Relator,

v.

Honorable Milton A. SAITZ, Judge, Division 17, Circuit Court, County of St. Louis, Respondent.

STATE of Missouri, ex rel. BARNES HOSPITAL, Relator,

v.

Honorable Carl R. GAERTNER, Judge, Circuit Court, City of St. Louis, Division I, Respondent.

Nos. 62539, 62513, 62594.

Supreme Court of Missouri, En Banc.

April 6, 1981.

Rehearing Denied May 11, 1981.

John C. Shepherd, John S. Sandberg, Steven P. Sanders, St. Louis, for relator, in No. 62594.

Sumner, Hanlon, Sumner, McDonald & Nouss, P. C., Richard E. Coughlin, Clayton, for respondent, in No. 62594.

James J. Amelung, Stephen D. Hoyne, Amelung, Wulff & Willenbrock, St. Louis, for relator, No. 62513.

Deeba, DeStefana, Sauter & Herd, James B. Herd, Edward V. Ward, St. Louis, for respondent, in No. 62513.

Morris, Larson, King, Stamper & Bold, Roy A. Larson, David E. Larson, Kansas City, for relator, in No. 62539.

Robert L. Wehrman, June Clark, Polsinelli, White & Schulte, Kansas City, for respondent, in No. 62539.

PER CURIAM:

By Chapter 538, RSMo Supp. 1976, (§ 538.010 thru 538.080) effective January 1, 1977, the General Assembly provided for the establishment of a Professional Liability Review Board (Board) to examine, *inter alia*, malpractice claims against "health care providers" including hospitals as well as physicians. Before such claims could be

filed in any court, plaintiffs were required to first travel through a detailed Board "review" process. In our decision of *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner*, 583 S.W.2d 107 (Mo. banc 1979), Chapter 538 was declared invalid because it imposed a procedure as a precondition to access to the courts, violative of Art. I § 14 of the Missouri Constitution. Describing the reach of the decision, the final paragraph of the supplemental opinion at page 118, stated:

"We, therefore, order that the statutes of limitations shall be tolled pursuant to § 538.020 as to those claims submitted to the Professional Liability Review Board between the effective date of Chapter 538 and February 28, 1979."

It was our purpose to make clear by the referenced portion of the opinion that litigants whose claims arose before or during the period of the Act's "apparent" validity, i. e., January 1, 1977, to the effective date of the declaration of invalidity, February 28, 1979, and who had submitted claims to the Board for review during that period would not be penalized by the passage of that time. That during such period, pertinent statutes of limitations were tolled as to such claims, this because such claimants were pursuing a required legislative course, presumably constitutional until otherwise declared by this Court. The cases at bar, consolidated in this appeal, require application and some exposition of the referenced portion of the "Cardinal Glennon" opinion.

## I

Gary Johnson asserts a claim against Bedford Knipschild, M.D., alleging malpractice during treatment received November 8, 1976, about one and two-thirds months before January 1, 1977, the effective date of Chapter 538. Johnson filed his notice of claim with the Board September 28, 1978, but final action on that notice had not been forthcoming prior to invalidation of that Chapter. Suit was filed in the circuit court on September 20, 1979, and defendant, realtor herein, here moved to dismiss, raising as a bar the two year stat-

ute of limitation, § 516.105, RSMo Supp. 1976. On denial of this motion, relator sought prohibition against respondent in the Court of Appeals, Western District, where the preliminary writ issued. Thereafter, the cause was transferred prior to opinion and, bearing our number 62539, is considered here as though on original appeal. The statute was tolled for the period January 1, 1977, to February 28, 1979, and ran only during the periods November 8, 1976, to January 1, 1977, and February 28, 1979, to September 20, 1979. Accordingly, the action is not barred by proffered statute of limitations and the preliminary writ previously entered is quashed.

## II

Debbie Dawson commenced her claim against Michael A. Figura, D.P.M., charging malpractice in treatment rendered March 23, 1977, by filing notice with the Board on February 4, 1979. Here too, final Board action was not reached before invalidation of Chapter 538 and suit was filed in the circuit court September 20, 1979. Defendant, relator here, moved for summary judgment or to dismiss the action as barred by the two year limitation period of § 516.105, RSMo Supp. 1976, and on denial, sought prohibition in the Court of Appeals, Eastern District. The preliminary writ issued, only to be quashed after opinion in that court. The cause is transferred and, bearing our number 62513, is also considered as though on original appeal. Because the statute was tolled from the date the cause of action arose until February 28, 1979, the claim is not barred by the two year statute of limitations and the preliminary writ previously entered is quashed.

## III

Raymond Ashcraft allegedly died as a result of the medical malpractice of Barnes Hospital (Barnes), Alvin S. Wenneker, M.D. and Alvin S. Wenneker, Inc., P.C., on January 27, 1978. His surviving spouse filed notice of claim with the Board on January 21, 1979. As in the cases previously discussed, prior to final action by the Board,

this Court invalidated Chapter 538. On August 22, 1979, plaintiff, Lucille Ashcraft, brought her action as surviving spouse in the Circuit Court of the City of St. Louis, for her husband's wrongful death alleging malpractice. Defendants moved to dismiss contending the cause was barred by the provisions of § 537.080, RSMo 1978, the statute limiting appropriation of the action by the surviving widow to one year where the decedent is survived by one or both parents. *Crane v. Riehn*, 568 S.W.2d 525 (Mo. banc 1978); *Kausch v. Bishop*, 568 S.W.2d 532 (Mo. banc 1978). Following denial of this motion, Barnes, relator here, sought prohibition in the Court of Appeals, Eastern District, to prevent respondent's further action in the cause. After issuance of a preliminary writ, the cause, now number 62594, was transferred here on recommendation of the Court of Appeals prior to opinion. For the reasons assigned above concerning the tolling of § 516.105, the one year limitation of § 537.080 was tolled until the invalidation of Chapter 538 by this Court effective February 28, 1979. Thus, suit was filed within one year after commencement of the running of the statute, and the preliminary writ previously entered is quashed.

BARDGETT, C. J., and RENDLEN, SEILER and MORGAN, JJ., concur.

WELLIVER, J., dissents in separate dissenting opinion filed.

DONNELLY and HIGGINS, JJ., dissent and concur in separate dissenting opinion of WELLIVER, J.

WELLIVER, Judge, dissenting.

I respectfully dissent.

The opinion in *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner*, 583 S.W.2d 107 (Mo. banc 1979) was handed down on February 13, 1979. The intervenor (attorney general representing the Review Board) at the time for motion for rehearing, filed a motion for clarification of the opinion and suggested that by holding the Professional Liability Review Board Act unconstitutional, we may have made § 538.020 thereof invalid, thereby eliminating the tolling effect of the section on which all persons pending before the Review Board had relied.

Section 538.020.2, provided:

The giving of the notices shall toll the running of the statutes of limitations until such time as the review board has completed its hearing, made its recommendations, and given the parties an opportunity to act thereon as provided in sections 538.010 to 538.080.

Our per curiam Supplemental Opinion to *Cardinal Glennon* was filed March 13, 1979, to eliminate the possibility of any such alleged unjust result as had been pointed out by the intervenor and stated as follows:

### SUPPLEMENTAL OPINION

PER CURIAM:

On February 13, 1979, this Court ruled Chapter 538, RSMo Supp.1976, unconstitutional. Section 538.020 provided a means of tolling the statutes of limitations during the time required for the Professional Liability Review Board to consider a malpractice claim and make its recommendations. We are now reminded that during the period from the effective date of Chapter 538 until February 13, 1979, a substantial number of claims against health care providers have been submitted under Chapter 538 and that such claimants have undoubtedly relied on the protection afforded them by the tolling provision of § 538.020.

In the past it has been stated that 'An unconstitutional statute is no law and confers no rights . . . (citations omitted) . . . . This is true from the date of its enactment, and not merely from the date of the decision so branding it.' *State ex rel. Miller v. O'Malley*, 342 Mo. 641, 652, 117 S.W.2d 319, 324 (Mo. banc 1938); *accord, Norton v. Shelby County*, 118 U.S. 425, 442, 6 S.Ct. 1121, [1125] 30 L.Ed. 178 (1886). The modern view, however, rejects this rule to the extent that it causes injustice to persons who have acted in good faith and reasonable reliance upon a

statute later held unconstitutional, *e. g., Lemon v. Kurtzman,* 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1972); *Perkins v. Eskridge,* 278 Md. 619, 366 A.2d 21 (Md.1976); *Shreve v. Western Coach Corporation,* 112 Ariz. 215, 540 P.2d 687 (Ariz. banc 1975); *Downs v. Jacobs,* 272 A.2d 706 (Del.1970). We join the view espoused in *Lemon, Perkins, Shreve,* and *Downs.*

 If the tolling provision of § 538.-020 is viewed as retroactively unconstitutional, those claimants who have reasonably and in good faith relied upon § 538.-020 to protect their rights to ultimately submit their claims to the courts would suffer a manifest injustice.

We, therefore, order that the statutes of limitations shall be tolled *pursuant to § 538.020* as to those claims submitted to the Professional Liability Review Board between the effective date of Chapter 538 and February 28, 1979.

583 S.W.2d at 118 (emphasis added).

There is no way that I can read, nor do I believe that the attorneys in these cases could read, the words "the statutes of limitations shall be tolled *pursuant to § 538.020* as to those claims submitted ... between the effective date of Chapter 538 [Jan. 1, 1977] and February 28, 1979.", to read and mean instead that *the statute of limitations is tolled from January 1, 1977, to February 28, 1979, on all claims filed between January 1, 1977, and February 28, 1979.* The latter is not the plain meaning of the words employed by this Court.

"[P]ursuant to § 538.020;" *i. e.,* or in accordance with the provisions of § 538.020, the most tolling to which anyone was ever entitled was from the day the case went before the Review Board until the day the case was finally out of the Review Board. This time may have been a few weeks for some and many months for others, but whatever it was, it was a "time out" for as long as you were before the Board. In all other respects, except for the time out, the statute ran its normal course from the date of the injury to the date of filing of the suit.

The principal opinion offers no logical or reasonable explanation as to why this Court would have abandoned the "time out" provided by § 538.020 and in its explanatory Supplemental Opinion substituted in lieu thereof an arbitrary "two year and two month" extension to both the two year statute of limitations, § 516.105, RSMo Supp. 1976, and the one year statute, § 537.080, RSMo 1978. I cannot believe that this Court abandoned the "time out" provided by § 538.020. The mere fact that we added fifteen days of grace in the Supplemental Opinion is proof of the fact that we thought we were finally disposing of the statute of limitation question in the Supplemental Opinion.

None of the claims are timely filed under the terms of our Supplemental Opinion in *Cardinal Glennon.* The three peremptory writs should be made permanent.