Clarence WINDSCHEFFEL,
Plaintiff-Appellant,

v.

Hector W. BENOIT, Jr.,
Defendant-Respondent.

No. 64047.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

S. Jill Weinlood, William H. Pickett, Kansas City, for plaintiff-appellant.

Reed O. Gentry, John E. Redmond, Kansas City, for defendant-respondent.

GUNN, Judge.

This appeal arises out of a medical malpractice action against defendant-respondent, Dr. Benoit, and the trial court's granting Benoit's motion for summary judgment based on the two year limitation statute, § 516.140, RSMo 1969 (now § 516.105, RSMo 1978). The Missouri Court of Appeals, Western District, affirmed the trial court's action, and the matter has reached this Court through the process of our granting plaintiff-appellant's motion to transfer.

Lying in the heart of this appeal is the Chapter 538 Professional Liability Review Board, its declaration of unconstitutionality by this Court in *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner*, 583 S.W.2d 107 (Mo. banc 1979), and this Court's effort to avoid inequities stemming from *Cardinal Glennon* in *Knipschild v. Bellamy*, 615 S.W.2d 38 (Mo. banc 1981).

The question centers on the tolling effect of the Chapter 538 procedures supplemented by the holdings of *Cardinal Glennon* and *Knipschild*.

We affirm the trial court's judgment and in so doing, and with appreciation, draw abundantly without quotation marks from the fine opinion of the Western District written by Judge Lowenstein.

First, the following chronology of events is provided as the factual prelusion:

| | |
|---|---|
| June 23, 1975 | — Operation by defendant on plaintiff at Research Medical Center in Kansas City. |
| August 1, 1975 | — Plaintiff released from hospital. |
| July 1, 1976 | — Plaintiff files petition against hospital for negligent post-operative care. |
| January 1, 1977 | — Effective date of Chapter 538, RSMo Supp. 1976.[1] |

---

1. Section 538.020 provided:
    1. Before any action seeking damages from a professional alleging malpractice ... can be

filed in any court within this state, the plaintiff in the action must have complied with the provisions of sections 538.010 to 538.080 re-

| April 28, 1977 | – Plaintiff takes defendant's deposition in case against Research. |
| June 20, 1977 | – Notice filed with Professional Liability Review Board (Board) pursuant to setting forth a claim against defendant. |
| April 20, 1978 | – Hearing before Board on plaintiff's claim. |
| April 28, 1978 | – Board finds no actionable malpractice liability against defendant. |
| May 2, 1978 | – Plaintiff rejects Board's finding.[2] |
| August 18, 1978 | – Plaintiff amends petition adding defendant as a party to the cause filed July 1, 1976. |
| February 13, 1979 | – *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner,* 583 S.W.2d 107 (Mo. banc 1979) is decided, declaring Chapter 538 unconstitutional and the provisions thereof invalid. |

█ Plaintiff settled with the hospital, leaving Dr. Benoit as the only defendant. Defendant's subsequent motion for summary judgment based on the two year limitation period of § 516.140, RSMo 1969 (now § 516.105, RSMo 1978), as extended by the Chapter 538 tolling provision, was sustained by the trial court on January 9, 1981. Appeal followed.

The purpose of Chapter 538 was to provide for a board of professionals to examine malpractice claims against health care providers before any claim could be filed in court. Section 538.020 provided that the plaintiff must file notice of claim with the Board for hearing and recommendation. Giving of notice tolled the statute of limitations during the process and until the time for the parties to accept or reject the Board's findings.

*State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner,* 583 S.W.2d 107 (Mo. banc 1979) declared Chapter 538 unconstitutional because it imposed a procedure as a precondition to access to the courts. To ameliorate the effect of *Cardinal Glennon* on those who had in good faith relied upon the tolling provision of § 538.020, the statutes of limitations were tolled on claims submitted to the Board between the effective date of Chapter 538 and February 28, 1979 (the date of *Cardinal Glennon* plus 15 days).

Subsequently, *State ex rel. Knipschild v. Bellamy,* 615 S.W.2d 38 (Mo. banc 1981), was decided which considered three consolidated cases that did not fit within the scheme of *Cardinal Glennon. Knipschild* extended the tolling aegis of *Cardinal Glennon* to all litigants who had submitted claims to the Board during the apparent validity of Chapter 538 (January 1, 1977 through February 28, 1979). The *Knipschild* decision ruled that the three claims filed with the Board were tolled for the entire 26 months that Chapter 538 existed rather than by the specific application of the tolling provision of § 538.020. Of the three cases considered in *Knipschild,* one involved an act of malpractice alleged to have occurred prior to the effective date of Chapter 538, January 1, 1977, while the others involved acts of malpractice alleged to have occurred after that date. All three cases had been submitted to the Board for review prior to February 28, 1979, but none had been acted upon by the Board before Chapter 538 was ruled unconstitutional.

The gravamen of plaintiff's appeal is that his case falls within the protection of *Knipschild.* There is, however, a substantial difference between the facts in *Knipschild* and

quiring a review of claims upon which the action is based by a professional liability review board.

2. Prior to the filing of an action seeking damages ... the claimant shall give written notice to the secretary setting forth therein a statement of the claim ... The giving of the notice shall toll the running of the statutes of limitations until such time as the review board has completed its hearing, made its recommendations, and given the parties an opportunity to act thereon ....

**2.** Section 538.050, RSMo Supp.1976, reads as follows:

If any party rejects the recommendations of the board, or, in the event all parties accept the recommendations of the board but fail to execute an agreement within the period of time provided in section 538.045, the claimant may then proceed to file his action in any court having jurisdiction of the same. No mention of, or reference to, any recommendation of the review board shall be made at the trial, and the statement of recommendations shall not be admissible in evidence.

those in plaintiff's case. The three claims considered in *Knipschild* were all pending when *Cardinal Glennon* was decided. Had Chapter 538 not been ruled invalid and the Board been given the opportunity to rule on the claims, the claimants in *Knipschild* might still have been able to file their actions in circuit court in the times remaining in the period of limitations. *Cardinal Glennon,* however, placed them in a "procedural limbo," and only upon the supplement to *Cardinal Glennon,* issued on March 13, 1979, did the claimants know that the period of limitation on their claims was tolled. Even then, the claimants did not know what period would be tolled, and it required *Knipschild* to decree a 26 month tolling period for those whose claims that were pending at the time Chapter 538 was declared unconstitutional.

None of the inequities perceived in *Knipschild* exists in this case. Plaintiff alleged that the act of malpractice occurred on June 23, 1975. But he waited until June 20, 1977 to file his notice of claim with the Board created on January 1, 1977. Thus, at the time that the Board made and plaintiff rejected its recommendation, he had only three days in which to file his circuit court action under the then viable Chapter 538 processes. No petition was filed, however, until August 18, 1978—three and one half months after his rejection of the Board's recommendation.

It is, thus, manifest that the facts of *Knipschild* bear substantial differences from those in plaintiff's case which preclude its having any salutary effect for plaintiff. All three claims considered in *Knipschild* were pending when Chapter 538 was declared unconstitutional, whereas in this case both the Board and the plaintiff had acted before Chapter 538 was declared unconstitutional. Unlike the claimants in *Knipschild,* plaintiff was in no procedural limbo between May 2, 1978, when he rejected the Board's finding, and August 18, 1978, when he amended his petition of July 1, 1976, to add defendant; for *Cardinal Glennon* did

not issue until February 13, 1979. Based on the facts of this case, therefore, the two year statute of limitations period was tolled only from June 20, 1977 through May 2, 1978, because this was the only time period in which plaintiff could have reasonably relied upon the tolling effects of Chapter 538.

Plaintiff also contends that the unconstitutional procedures imposed upon him by Chapter 538 worked an injustice, because had it not been for the need to file a claim under Chapter 538, he would have filed his action in circuit court, three days before the two year statute of limitations expired. However, plaintiff was bound by the law existing at the time he filed his claim. *Knipschild v. Bellamy,* 615 S.W.2d at 40. Under the law then applicable, plaintiff had only to file his court action within three days after he rejected the Board's recommendation. Nevertheless, he waited three and one-half months. There is no injustice in presuming a plaintiff knows the law applicable to his claim.

Plaintiff further argues that his cause of action did not accrue and the limitations period did not begin to run until May 2, 1978, because only then could he file a cause of action under Chapter 538. Plaintiff contends, alternatively, that the two year statute was tolled under Chapter 538 "until a reasonable time after the Board made its recommendation." Both contentions are belied by this Court's holding in *Knipschild.* That decision made it clear that the cause of action accrued when the act of negligence allegedly occurred. Moreover, it held that the statutes of limitations shall be tolled pursuant to § 538.020.[3] This is true for all three of the appeals in *Knipschild.*

█ Finally, relying on Rule 55.33(c), plaintiff argues that his amended petition, which was filed August 18, 1978, related back to the July 1, 1976 petition in which Research Hospital was a party. Rule 55.-33(c) applies only to amendments "changing the party against whom a claim is assert-

---

**3.** "The giving of notices shall toll the running of the statutes of limitations until such time as the review board has completed its hearing, made its recommendations and given the parties an opportunity to act thereon as provided in sections 538.010 to 538.080." Section 538.020(2), RSMo 1978.

ed." Here, plaintiff wished to *add,* not *change,* a party to his suit. Research Hospital remained a party until May 14, 1980 when plaintiff and the hospital settled. Moreover, for the Rule to apply, plaintiff must have made a mistake in selecting the proper party to sue, *i.e.,* plaintiff must have brought an action against the wrong party. He states that defendant was inadvertantly omitted from the original petition which constitutes a mistake allowing the amendment to relate back to the original pleading. But Rule 55.33(c) is a remedy for a mistake in *identity,* and the remedy is a *change* in party. Plaintiff here made no mistake in identity nor does he argue any such mistake. Moreover, he does not seek to *change* parties; he seeks to add one. The rule is wholly inapplicable to plaintiff's case.

The judgment is affirmed.

RENDLEN, C.J., WELLIVER and DONNELLY, JJ., SEILER, Senior Judge, and MAUS, Special Judge, concur.

HIGGINS, J., not participating.

BILLINGS, J., not sitting.

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.