Debra J. **MOORE**, Plaintiff/Appellant,

v.

**HARRIS TRUCK & TRAILER SALES, INC., Sam Tanksley Trucking, Inc., and Johnny Reece, Defendants/Respondents.**

No. 67454.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 22, 1995.

George W. Gilmore, Jr., Sikeston, for appellant.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for respondent.

PUDLOWSKI, Judge.

Ms. Debra J. Moore appeals from the dismissal of her claim against Sam Tanksley Trucking, Inc. and Johnny Reece and denial of her motion to amend petition substituting party defendant [sic]. We dismiss the appeal for lack of jurisdiction. The claim is based on injuries that appellant sustained in an auto accident. Appellant filed her initial petition against Harris Truck & Trailer, Inc. on May 28, 1991, two days before the two year statute of limitations ran. The two year statute of limitations for the State of Ohio was found to be applicable and the parties do not dispute this matter. Appellant attempted to add party defendants by amending her petition after the statute had run, intending to have the amendment relate back to the original petition via Rule 55.33(c). The trial court dismissed the added parties and appellant filed a motion to reconsider and a motion to amend petition substituting party defendant. The trial court denied the motion to reconsider and entered an amended dismissal order, dismissing the added parties. Because the procedural history is crucial to the result of this appeal, and for the sake of clarity, we list chronologically the pertinent events:

May 30, 1989: Appellant was involved in an accident with truck driven by Johnny Reece.

May 28, 1991: Appellant files original petition against Harris Truck and Trailer, Inc.

May 30, 1991: The two year statute of limitations runs.

July 3, 1991: Appellant files first amended petition, adding as party defendants Johnny Reece and Sam Tanksley Trucking, Inc. (Tanksley).

September 16, 1991: The named party defendants all filed an answer to the first amended petition.

April 22, 1994: The trial court dismissed the named party defendants Johnny Reece and Tanksley.

May 19, 1994: Appellant filed a motion to reconsider and a motion to amend petition substituting party defendant.

June 3, 1994: The trial court denied appellant's motion to reconsider.

June 10, 1994: Appellant filed a notice of appeal.

July 12, 1994: The trial court entered an amended order dismissal, dismissing named party defendants Tanksley and Johnny Reece, finding no just reason for delay under Rule 74.01(b), declaring the dismissal a final appealable order.

November 22, 1994: Appellant filed a voluntary dismissal of her June 10, 1994 appeal and this court entered an order dismissing it.

December 15, 1994: The trial court denied appellant's May 19, 1994 motion to amend petition substituting party defendant.

December 27, 1994: Appellant files a notice of appeal, appealing from the December 15, 1994 denial of her motion, from the April 22, 1994 dismissal and from the July 12, amended dismissal.

After sorting through this procedural history, it has become apparent that the central issue is to determine the existence of a final appealable order and appellate jurisdiction. There is one appealable order; the July 12, 1994 amended dismissal order. The finality of this judgment must be analyzed as to the effect of the motion to amend petition substituting party defendant, which was not ruled on until December 15, 1994.

Appellant claims this court has jurisdiction over this appeal because the trial court had not issued a final appealable judgment until it denied her motion to substitute parties on December 15, 1994. Appellant bases this assertion on a recent opinion of our Supreme Court which states that a "judgment that resolves fewer than all legal issues as to any single claim is not a final judgment and may not be separately appealed even if the trial court designates it as final and appealable." *Boley v. Knowles*, —— S.W.2d ——, ——, (No. 77207) slip op. at 3 (Mo.Banc. March 21, 1995). Appellant asserts that the amended dismissal order of July 12, 1994 did not fully resolve all legal issues because the trial court did not issue an order on the motion to substitute party defendant until December 15, 1994.

The trial court, in the amended dismissal order of July 12, 1994, effectively ruled on the motion to substitute party defendant [sic]. In addition, through the same order, the trial court disposed of all other issues pertaining to the addition of Tanksley and Reece to this suit. In that dismissal, the trial court addressed a crucial element which resolves the question of the substitution of party defendants. In order for an amendment to relate back under Rule 55.33(c), there must be a mistake in the identity of the proper party to sue. In point 10 of the amended dismissal order, the trial court found there was no mistake in identity because Tanksley and Reece were recognized throughout the original petition. Accordingly, the trial court found that Rule 55.33(c) cannot be used to add party defendants under the circumstances of the instant case. The trial court eliminated that option, as well as the possibility of substituting a party defendant. By finding there was no mistake in identity of the proper party to sue in the original petition, the trial court properly concluded that appellant could not substitute parties in the amended petition. As Judge Gunn opined in *Windschefell v. Benoit,* 646 S.W.2d 354, 357 (Mo. banc 1983), "plaintiff wished to add, not change, a party to his suit."

The trial court, therefore, in the amended dismissal order, disposed of the entire issue of bringing Tanksley and Reece into the suit via Rule 55.33(c). It was a final judgment on the issue and an appealable order. The motion to substitute party defendant was moot and the subsequent ruling served no adjudicative purpose. The trial court had already disposed of appellant's entire claim against Tanksley and Reece and appropriately found no just reason for delay under Rule 74.01(b).

The Supreme Court of Missouri has established that when "there is at least one claim fully resolved as to at least one party, Rule 74.01(b) grants circuit courts the discretion to declare that aspect of the judgment final upon a finding of 'no just reason for delay' ... and the circuit judge, in exercising that discretion, is granted broad latitude to act as a 'dispatcher' of the case." *Committee for Educ. Equality v. State,* 878 S.W.2d 446, 453 (Mo. banc. 1994), *citing Curtiss–Wright Corp. v. General Electric Co.* 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).

The trial court had the discretion to deny appellant the benefit of Rule 55.33(c) and also to declare it a final appealable order. In doing so, the trial court did not abuse its discretion. The July 12, 1994 amended dismissal order was dispositive of the entire claim against Tanksley and Reece. It constituted a final appealable order as the court so stipulated pursuant to Rule 74.01(b). The subsequent ruling on the motion to substitute party defendant was merely superfluous and not an appealable order. As a result, appellant failed to file a timely notice of appeal as it was filed nearly five months after the judgment became final on August 12, 1994. This appeal must, therefore, be dismissed for lack of appellate jurisdiction.

Appeal dismissed.

SMITH, P.J., and WHITE, J., concur.