MARTIN FEENY et al., Respondents, v. ISADORE ROTHBAUM, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. MECHANIC'S LIEN: Sub-contractor: Notice: Account. A notice filed by a sub-contrator against the owner of the building stating his account with the contractor must be sufficiently definite and specific so as to give the owner some basis of inquiry; and items "Water Company, $4.75; lead in street, $7.50; and 'Laborers' time, $25," where the work may consist of a variety of labor, are not sufficient. But "Plumbers' time, $80" is sufficient, as it designates the kind of labor; and so, too, is "Drayage, $5."

2. ———: ———: Lienable Article: Pipes. Pipes leading from the basement of residence through the cellar wall into the street and there connecting with the gas, water or sewer pipes, are lienable articles.

3. ———: ———: Permit or License: Plumbing. A permit or license to do plumbing or permission to connect with water pipes, given to a builder or plumber by a city, under its police power, is not work, or labor, or material, for which the mechanic's lien statute authorizes a lien.

4. ———: ———: Pleading: Due: Accrue. A petition which alleges tht the account "became due" within four months, instead of that it "accrued," is defective. But as it was not questioned before or at the trial, it will be held good after verdict.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED CONDITIONALLY.

*Vinton Pike* and *B. M. Achtenberg* for appellant.

(1) The petition failed to state a cause of action in that it failed to state when the account sued on accrued. The court erred in overruling defendants' objection to the introduction of evidence at the opening of the trial, and in refusing defendants' instructions numbered 1 and 2, and in giving plaintiffs' instruction number 1. Coal Co. v. Ryan, 48 Mo. App. 512; Mfg. Co.

v. Burnes, 59 Mo. App. 391; Drey v. Ridpath, 16 Mo. App. 134; Sanderson v. Fleming, 37 Mo. App. 597; Bradish v. James, 83 Mo. 313; Helwell v. Langford, 33 Mo. 396; Fire Extinguishing Co. v. Farmers' Electric Co., 165 Mo. 171; U. S. Water Co. v. Sunny Slope Realty Co., 133 S. W. 369. (2) In mechanics' liens filed by a subcontractor, the account must set forth the items actually furnished, and not a mere estimate thereof. The court erred in overruling defendants' objection to receiving in evidence the mechanic's lien paper, and in refusing defendants' instructions numbered 1 and 2, and in giving plaintiffs' instruction numbered 1. Lewis v. Cutter, 6 Mo. App. 54; Kling v. Railroad, 7 Mo. App. 412; Schulenburg v. Vrooman, 7 Mo. App. 133. (3) In mechanics' liens filed by a sub-contractor, the account must set out in detail the items of material and labor furnished, giving the amount of each and the price charged therefor, and not a lump price for the different kinds of labor and material furnished. The court erred in overruling defendants' objection to evidence in support of the various items printed in bold face in appellant's abstract of record, and in refusing defendants' instruction numbered 6 with its subdivisions as asked; in amending said instruction, and in giving plaintiffs' instruction numbered 1. Kling v. Railway Construction Co., 7 Mo. App. l. c. 412; O'Shea v. O'Shea, 91 Mo. App. 221; Kern v. Pfaff, 44 Mo. App. 29; Coe v. Ritter, 86 Mo. 287; Poppert v. Wright, 52 Mo. App. 580.

*John D. McNeely* and *B. J. Casteel* for respondents.

(1) The court properly overruled defendants' objection to the introduction of any evidence under the petition. The pleader followed Pattison's form, stating that the "demand became due and payable on the 3d day of May, 1910," instead of saying "accrued on the 3d day of May, 1910," but that is what was meant, as the context shows, taken in connection with the state-

ment contained in the lien paper (referred to in the petition). "That said demand accrued within four months prior to the filing of this lien, to-wit, on the 3d day of May, 1910." If the two taken together shows when the demand accrued, and that the lien was filed in time, it is sufficient, and especially is this true where the evidence shows, as in this case, that the demand accrued as stated in the lien paper. Hayden v. Wulfing, 19 Mo. App. 353; Planing Mill Co. v. Allison, 138 Mo. 50. The cases cited by appellants have no application, as they were cases where the petition and lien showed that the demand had accrued for more than the statutory period, before the filing of the lien, except the case of U. S. Water Co. v. Sunny Slope Realty Co., 133 S. W. 369, and in that case the question was, should the time be counted from the time of purchase of the materials, or the time they went into the building? There being no demurrer filed the defect in the petition, if any, was cured by the finding of the court. Johnson v. Railroad, 96 Mo. 346; Hurst v. City of Ash Grove, 96 Mo. 168; McDermott v. Claas, 104 Mo. 14; William Jones v. Shoor, 53 Mo. 68; Brick Co. v. Schlingman, 88 Mo. App. 17; Saulsbury v. Alexander, 50 Mo. 142; Jones v. Louderman, 39 Mo. 287. If the petition failed to state a cause of action a motion in arrest of judgment was the proper way to take advantage of it. Heltzell v. Haynes, 35 Mo. 482; Frazer v. Roberts, 32 Mo. 457. (2) The mechanic's lien was properly admitted in evidence, as it contained not only the estimate, but the items that actually went into the building. As the contract price for the plumbing and gas fitting was for a specific sum, $467.20, the work to be done, and the materials to be furnished of the kind and character, required by the plans and specifications, in the hands of both the owner and contractor, an itemized account was unnecessary. Hilliker v. Francisco, 65 Mo. 598; Planing Mill Co. v. Allison, 138 Mo. 50; Grace v. Nesbitt, 109 Mo. 9; McDermott v. Claas, 104 Mo. 14; Lumber Co. v. Edward

B. Stoddard Co., 113 Mo. App. 306; Mahan v. Breinell, 94 Mo. App. 165; Miller v. Whitelaw, 28 Mo. App. 639. The work being done under a contract for a lump sum, all the items were lienable, and are set out only to show what was necessary to complete the job, as figured in the estimate. (3) Giving respondents' instruction was fully justified by the evidence, and in a case where all the evidence is not set out in appellants' abstract of the record the court will assume that it was justified. The refusal to give defendants' instructions was likewise proper, as there was no evidence upon which to base them.

ELLISON, J.—The petition alleges that plaintiffs compose a partnership in the plumbing business in the city of St. Joseph, and as such were subcontractors in furnishing material and labor in putting in the plumbing in defendant's house, and this action is to enforce a mechanic's lien therefor. The judgment in the trial court was for the plaintiffs.

The account is composed of a number of items not objected to, aggregating with those complained of, the sum of $467.20. Those complained of are as follows:

"Water Company, $4.75; lead in street, $7.50          $12.25
Cleanouts and ferrils                                                  2.50
Plumbing permit, $5.00; sewer and water per-
    mit, $2.00                                                        7.00
Hangers, screws, gasoline, putty, etc.                       5.00
Laborers' time                                                          25.00
Plumbers' time                                                         80.00
Drayage                                                                   5.00
Putting in two floor drains in basement                   12.00
Galv. vent and fittings                                              7.00"

The items "Water Company, $4.75" and "lead in street, $7.50" are so indefinite and unspecific as to be improper as against the owner in a bill by a sub-contractor with whom the owner has not dealt and who must

get his information from the account. The same may be said of the item "Laborers' time, $25.00." There was necessarily much labor of different kinds. It was explained in evidence that this particular item was for digging in the street to connect pipes. If so, it should appear in the account. If the face of the account showed that the labor could refer to but one thing, it would be a different question. [Rude v. Mitchell, 97 Mo. 365; O'Shea v. O'Shea, 91 Mo. App. 221, 231; Kern v. Pfaff, 44 Mo. App. 29, 34.]

In Henry v. Plitt, 84 Mo. 237; McDermott v. Claas, 104 Mo. 14, and Mo. Valley Stone Co. v. Brown, 50 Mo. App. 407, it was held that fences and sidewalks, if constructed with the building and under one contract, were lienable, though the walk was not on the lot. Since those cases the statute has been amended so as to provide a lien for sidewalk independent of the building. But the principle of the decisions remains in force. In Pullis v. Hoffman, 28 Mo. App. 666, a lien was allowed for illuminating tiling, extending into the sidewalk, which lighted the basement. And it was held in Beatty v. Parker, 141 Mass. 523, that a lien could be had for a drain pipe constructed with the house, extending through the cellar wall into the yard and thence into the street into the sewer. This case seems favorably cited in Dugan Cut Stone Co. v. Gray, 114 Mo. 497.

We therefore hold that if the item "lead in street" had been stated so as to be understood and it was thereby seen that it connected or was used in connecting the water, gas or sewer, with those pipes in the street, it would be lienable. The item "Water Company" we have no means of deciphering and therefore cannot comment upon it.

The items "Plumbling permit, $5; sewer and water permit, $2" were shown at the trial to mean a special license from the city authorities to do the plumbing, and a permission to connect with the sewer and water pipes in the street. The statute (sec. 8212, R. S. 1909)

allows a lien for "work or labor done, or materials, fixtures, engine boiler or machinery furnished." A permit or license issued under the police power of a municipality is not embraced in these provisions.

The other items are sufficiently specific to be understood when considered with the account as a whole. "Drayage" may well be classed as a part of the labor; and "Plumbers' time" can only be understood as the time they were engaged in labor at the work of which the account, as a whole, was the result. It is specific in that it designates the kind of labor.

The petition alleged that within four months after the account "became due" he filed a statement, etc. The allegation should have been that the account "accrued." The statute so requires; and we have held that there is a material difference between the two words "due" and "accrue." An account may accrue long before it has been stipulated that it is to be due and payable. [Bolen Coal Co. v. Ryan, 48 Mo. App. 512; Great Western Mfg. Co. v. Burns, 59 Mo. App. 391; Fire Extinguisher Co. v. Farmers El. Co., 165 Mo. 171, 180; Drey v. Ridpath, 60 Mo. App. 134, 140; U. S. Water Co. v. Sunny Slope Realty Co., not yet reported (133 S. W. 371.).] But there was no objection made to the petition at or before the trial, and we are inclined to hold it sufficient after verdict.

The result is that the items we have mentioned, aggregating $44.25, should have been disallowed, and if plaintiff will remit that sum within fifteen days, the judgment will be affirmed, with cost of appeal against the plaintiff; otherwise, it will be reversed and the cause remanded. All concur.