Keith GARAVAGLIA, et al.,
Plaintiffs-Appellants,

v.

J.L. MASON OF MISSOURI, INC., and Carver Continental Construction Co., Inc., Defendants-Respondents.

No. 51991.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 14, 1987.

**2.** Rule references are to Missouri Rules of Civil Procedure (18th ed. 1987).

Jeffrey E. Hartnett, Bartley, Goffstein, Bollato and Lange, Clayton, for plaintiffs-appellants.

Trudi McCollum Foushee, Klamen & Danna, Clayton, for defendants-respondents.

CARL R. GAERTNER, Judge.

Seven plaintiffs seek to impress mechanic's liens for carpentry labor upon a parcel of real property in St. Louis County, Missouri. The trial court sustained the motion of the property owner to dismiss. Because the court did not state specific grounds for the dismissal, we look to the reasons set forth in defendant's motion to dismiss: failure to serve notices of claims upon the property owner, failure to name the property owner in the lien statements, untimely joinder of the property owner, insufficient itemization of the lien statements, and failure to state a claim upon which relief can be granted. We reverse and remand.

Stating the background underlying this litigation is complicated because of similarities in the corporate names of the involved entities. By deed dated December 17, 1982, the real property in question was conveyed to the Mason-Cassilly of Missouri, Inc., a Missouri corporation. On December 31, 1982, the name of this corporation was changed to J.L. Mason of Missouri, Inc. Apparently, record title to the real property remained in the name of Mason-Cassilly of Missouri, Inc. During June and July of 1984, the plaintiffs performed carpentry work on residential construction on the real property as employees of a subcontractor of J.L. Mason of Missouri, Inc. (hereinafter Mason), the owner, developer and general contractor. In their original petition seeking mechanic's liens, plaintiffs named as defendant "J.L. Mason Group, Inc., formerly Mason-Cassilly, Inc., a Missouri corporation." Mason-Cassilly, Inc., was a corporate entity distinct from Mason-Cassilly of Missouri, Inc. Mason-Cassilly, Inc. changed its name to J.L. Mason Group, Inc. (hereinafter Mason Group) also on December 31, 1982. The officers of both corporations are identical. Five of the seven directors of Mason Group comprise the entire board of directors of Mason. The same address is given for the officers of both corporations on annual registration reports.

Mason Group moved to dismiss plaintiffs' original petition for failure to join Mason, an indispensable party. This motion was sustained and plaintiffs were granted 10 days in which "to amend petition to substitute party defendant." Plaintiffs' amended petition, naming Mason as defendant, was filed within the time allowed. Mason then moved to dismiss the amended petition for the reasons stated above.

Plaintiffs third point is that the trial court erred in dismissing their amended petition on the basis that Mason was not timely joined as a defendant. This issue is addressed first, as the trial court's jurisdic-

tion over the defendant must be established before plaintiffs' compliance with the remainder of the mechanic's lien statute is properly before this court. *E.g. Central Wholesale Distrib., Div. of Topeka Lumber, Inc. v. Day*, 672 S.W.2d 88, 98 (Mo. App.1984).

■■■ Chapter 429, our mechanic's lien statute, is intended to give security to mechanics and materialmen for labor and materials furnished in the improvement of another's property. The law is remedial in nature, and should be construed as favorably to the workmen covered thereunder as its terms will permit. Moreover, a petition to enforce a mechanic's lien will be favorably construed and given the benefit of every reasonable and fair intendment. *Mitchell Eng'g Co., Div. of Ceco Corp. v. Summit Realty Co., Inc.*, 647 S.W.2d 130, 135 (Mo.App.1982). Certain requirements of Chapter 429 are, however, absolute. One such basic requisite is the invocation of the court's jurisdiction over necessary parties by proper service of process by the lien claimant or by some act of the necessary party to invoke in personam jurisdiction. *Central Wholesale Distrib., supra* at 96. The lien claimant's failure to secure such proper jurisdiction within the six month statute of limitations in § 429.010, RSMo.1986, is fatal to recovery. *Id.* This court has no authority to extend the statutory period. *Id.* at 98.

In this case, Mason did not enter an appearance or file responsive pleadings during the statutory period. Further, it was not served with a petition naming it as defendant. Plaintiffs argue the amendment of the original petition to replace Mason Group with Mason as defendant should relate back to the time of filing of the original petition.

■■■ When an amendment to the pleadings changes the party against whom a claim is asserted, Rule 55.33(c) provides three requirements which must be met before that amendment will relate back to the date of the original petition. First, the claim stated against the new party must arise from the conduct, transaction or occurrence set forth in the original pleading.

Such is clearly the case here. Both the original and amended petitions allege plaintiffs performed specified carpentry work for which they were not paid, and seek relief under the mechanic's lien statute.

Next, the Rule requires that the party to be brought in by amendment received, during the statutory period for bringing the action, "such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits." Initially, we note Mason points to no prejudice which would result from permitting the amendment to relate back and, indeed, Mason has not claimed that it did not receive notice of the action. Service of the original petition was directed to J.L. Mason, the president of both corporations. Personal service upon a corporation within the state is properly had by delivery of the summons and petition to an officer of the corporation. Rule 54.13(a)(3); *Want v. Leve*, 574 S.W.2d 700, 708 (Mo.App.1978). The Missouri Supreme Court has stated:

> notice sufficient to come within the provisions of Rule 55.33(c)(1) exists when the party actually sued and the party whom plaintiff meant to sue had a sufficient identity of interest or were so closely connected that notice to one would suffice to inform the other of a pending claim for relief. *Home Building Corp. [v. Ventura Corporation], supra* [568 S.W.2d 769, 771–72 (Mo. banc 1978)]. *See also* 15 Wheaton, Missouri Practice, Rule 55.33(c)—4, p. 697 (1976); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982).

*Beatty v. Metropolitan St. Louis Sewer Dist.*, 700 S.W.2d 831, 836–37 (Mo. banc 1985).

Finally, the Rule requires that the party to be brought in had actual or constructive knowledge during the statutory period that, but for the mistake concerning the identity of the proper party, the action would have been brought against him. It is clear that once Mason had notice of this lawsuit it should have realized it was the proper defendant as the owner of the real property against whom the lien was sought. Such a contention was asserted on

behalf of Mason Group by the same lawyers who now appear on behalf of Mason.

Thus, this action to enforce the mechanic's lien must be regarded as commenced against all necessary parties (i.e. Mason) during the statutory period by virtue of relation back to the original petition pursuant to Rule 53.33(c)(1).[1]

Plaintiffs further contend the trial court erred in dismissing their petition due to inaccuracies and deficiencies in the lien statement required by § 429.080, RSMo.1986. Section 429.080 requires lien claimants to file a statement with the clerk of the circuit court "with the name of the owner [of the property on which a lien is sought] or contractor, or both, if known to the person filing the lien." Substantial compliance with this requirement is a condition precedent to the right to establish a lien against the property. *Farmington Bldg. Supply Co., v. L.D. Pyatt Constr. Co.,* 627 S.W.2d 648, 650 (Mo.App.1981). Plaintiffs' lien statement named the owner as "Mason-Cassilly, Inc." instead of "Mason-Cassilly of Missouri, Inc." As stated earlier, we construe the mechanic's lien law as favorably to lien claimants as its terms permit. *E.g., Mitchell Eng'g Co., Division of Ceco Corp. v. Summit Realty Co., Inc.,* 647 S.W.2d 130, 135 (Mo.App.1982). The lien claimant is held to reasonable and substantial compliance with the statutory requirements. *Id.* There is no indication that plaintiffs made anything but an honest mistake in naming the property owner or that anyone was misled by the mistake. *See Knapp Bros. Mfg. Co. v. Kansas City Stockyards Co. of Missouri,* 168 Mo.App. 146, 152 S.W. 119, 121 (1912). The inaccuracy in the naming of the property owner in the lien statement is not sufficient to defeat plaintiffs' claims.

Defendants also contended below that the lien statements were inadequate.

Section 429.080 also requires the lien statement to contain a just and true account of the demand due. Each of the seven plaintiffs filed a statement stating the appropriate dates on which the carpentry work was performed, the number of hours and the total amount claimed to be due. The purpose of the itemization requirement is to apprise interested parties of the labor and materials the lien claimant asserts to have furnished so those persons may investigate and determine whether the materials went into the building and whether the charges are reasonable. *Norman v. Ballentine,* 627 S.W.2d 83, 86 (Mo.App.1981); *S & R Builders & Suppliers, Inc. v. Marler,* 610 S.W.2d 690, 696 (Mo.App.1980). Whether or not a lien statement is a just and true account depends upon the particular facts of each case. *S & R Builders & Suppliers, Inc., supra* at 697 citing *Sears, Roebuck & Co. v. Seven Palms Motor Inn, Inc.,* 530 S.W.2d 695, 698[5] (Mo. banc 1975). No claim is made for materials furnished but each lien statement identifies the subcontractor by whom each plaintiff was employed and the number of days and hours for which payment is sought. Although it may have been preferable for plaintiffs to be more exacting in describing the labor performed, the lien statement is sufficiently specific to satisfy the purpose of the statutory requirement. *See generally S & R Builders & Suppliers, Inc., supra* at 696 (Mo.App.1980).

In arguing the inadequacy of the lien statements, defendant cites *Feeny v. Rothbaum,* 155 Mo.App. 331, 137 S.W. 82, 83 (1911), wherein an item for "laborer's time" in an account was held insufficient to support a mechanic's lien because "[t]here was necessarily much labor of different kinds." This generalization was distinguished from another item in the same account for "plumber's time" which was

---

**1.** Defendant argues plaintiffs' amended petition is an attempt to add an additional party after the expiration of the statutory period. We have previously held that such an amendment is not allowable. *Advance Concrete & Asphalt Co. v. Ingels,* 556 S.W.2d 955, 958 (Mo.App.1977). This case does not present the addition of a party but a one-for-one substitution. Thus, *Ad-*

*vance* is of no import here. We also reject plaintiffs' argument, based upon the theory of misnomer as discussed in *Watson v. E.W. Bliss Co.,* 704 S.W.2d 667, 670 (Mo. banc 1986). The instant case does not involve a mistake in the name of a single entity, but rather a change of the party against whom the claim is asserted as provided for in Rule 55.33(c).

allowed because it designated the kind of labor performed. *Id.* Similarly, in *S & R Builders & Suppliers, Inc. v. Marler*, 610 S.W.2d at 696, an item labeled simply "labor" in an account filed by a plumbing subcontractor was held sufficient to apprise the owner of the nature of the labor performed because the subcontractor furnished only plumbing services and material. Here, by naming his employer, the carpentry subcontractor, each of the claimants has identified the nature of the labor he performed and has stated the number of hours worked and the last date upon which the labor was furnished. Under the circumstances we find the lien statements sufficiently specific.

 Finally, the parties dispute the question of plaintiffs' compliance with the requirement of § 429.100, RSMo.1986, that notice of a claim be given to the owner 10 days before the filing of the lien. Defendants contend the record fails to show such service because copies of the notices of intent to file mechanic's liens were not attached to the petition. However, the amended petition specifically alleges that the notices were served upon Mason and Mason Group as required by law. We must accept as true the averments of a petition when considering a motion to dismiss. *See Best v. Schoemehl*, 652 S.W.2d 740, 741 (Mo.App.1983).

Alternatively, defendant argues the notices were not served upon the owner of the property because they were addressed to Mason-Cassilly, Inc., renamed J.L. Mason Group, Inc., rather than to Mason-Cassilly of Missouri, Inc., renamed J.L. Mason of Missouri, Inc.[2] This argument runs afoul of the above noted principle that averments must be accepted as true. Moreover, we note the notices were served upon "Lloyd Potts, V.P., who is an agent of Mason-Cassilly, Inc., renamed J.L. Mason Group, Inc." The legal file shows Lloyd Potts to be a vice president of J.L. Mason of Missouri, Inc. as well. Accordingly, service of the notices upon an officer of the

proper corporation was, in fact, accomplished.

We find no merit to any of the reasons asserted in defendant's motion to dismiss the amended petition. Accordingly, the judgment of the trial court is reversed and the cause is remanded.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.

---

2. Defendant correctly observes the notices of intent were not before the trial court and suggests that they should not be considered by us. Despite this suggestion, defendant's alternative attack upon the sufficiency of the notices focuses upon their form. Accordingly, if we are to consider defendant's argument, we must look to the notices filed in a supplemental legal file.