COLUMBIA GLASS and WINDOW
COMPANY, Respondent,

v.

I.D. RUSSELL COMPANY
LABORATORIES, INC.,
Appellant.

No. WD 41724.

Missouri Court of Appeals,
Western District.

Nov. 14, 1989.

Glenn E. Bradford, Kansas City, for appellant.

William J. Debauche, Kansas City, for respondent.

Before BERREY, P.J., and
TURNAGE and ULRICH, JJ.

BERREY, Judge.

I. D. Russell Company Laboratories, Inc. (I. D. Russell) appeal from a grant of summary judgment on a mechanic's lien in favor of Columbia Glass & Window Company (Columbia). Appellant presents a single point on appeal, that the trial court erred in entering a judgment against appellant as respondent failed to comply with the requirements of § 429.100, RSMo 1986, by failing to provide the ten day notice of intent to file a mechanic's lien and failing to serve the notice and file a return of service. Appellant contends that the mechanic's lien was fatally defective because it did not comply with the elements of the statute.

On September 27, 1985, I. D. Russell contracted with Advance Construction Co. for certain improvements to its property at 2463 Harrison. Included in the list of these improvements was the installation of new windows. Advance Construction subcontracted the installation of windows to Casas, Inc., who in turn purchased the windows from Columbia. Casas, Inc. failed to pay Columbia the $8,895.28 due and owing on the windows which were installed on the premises at 2463 Harrison.

As a prelude to filing suit to foreclose on the mechanic's lien, Columbia attempted to comply with the notice requirements of § 429.100, RSMo 1986, by sending a copy of the notice pleading to a U.S. Post Office box by certified mail to one Bertha V. Russell. James Bessenbacher, on behalf of Columbia, obtained an Ownership and Encumbrance Certificate from McDaniel Title Company on March 2, 1986, which showed that the record owner of the property at issue is Bertha V. Russell. Bertha V. Russell died on January 2, 1973, but she was still listed as owner in the Jackson County recorder's office.

Prior to filing and serving the notice, Bessenbacher contacted several I. D. Russell representatives regarding his intent to file the notice pleading and the mechanic's lien. He spoke to Rick Russell of I. D. Russell and Russell's attorney, Ron Bronstein.

Columbia filed its mechanic's lien on May 20, 1986, and its petition to foreclose on November 20, 1986. On August 16, 1986, Columbia filed a motion for summary judgment which was granted by the circuit

court on September 26, 1988, with the matter of a hearing on damages still pending. This appeal followed.

Section 429.100, RSMo 1986, provides for the filing of a mechanic's lien preceded by ten days notice of intent to file a lien to be given to the owner. The statute reads:

**429.100. Notification by subcontractors and others.**—Every person except the original contractor, who may wish to avail himself of the benefit of the provisions of sections 429.010 to 429.340, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent, or either of them, that he holds a claim against such buildings or improvement, setting forth the amount and from whom the same is due. Such notice may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness. When served by an officer, his official return endorsed thereon shall be proof thereof, and when served by any other person, the fact of such service shall be verified by affidavit of the person so serving.

The word "owner" in the above statute is defined in § 429.150, RSMo 1986:

**429.150. Who construed as owner or proprietor.**—Every person including all cestui que trust, for whose immediate use, enjoyment or benefit any building, erection or improvement shall be made, shall be included by the words "owner or proprietor" thereof under sections 429.010 to 429.340, not excepting such as may be minors over the age of eighteen years, or married women.

These statutory provisions make it clear that respondent Columbia did not properly serve appellant I. D. Russell Company. By statute, the service of preliminary notice is required for one other than the original contractor in order to receive a mechanic's lien. The manner of service has been held to be immaterial where it is clear that the owner received adequate written notice at least ten days prior to the filing of the lien. *Sentinel Woodtreating, Inc. v. Cascade Development Corporation*, 599 S.W.2d 268, 270 (Mo.App.1980). However, although Bessenbacher had contact with Rick Russell and Ron Bronstein, written notice was never given.

Respondent relies on § 429.110, RSMo 1986, which provides that when the owner is concealing himself or is otherwise unavailable then notice may be filed with the recorder of deeds (which was done in the instant case) suggesting that the failure to update the property records was a type of concealment. Although not argued by either side, a reading of the probate code, § 473.617.5, RSMo 1986, provides that, "[w]henever the decree of final distribution includes real property, a certified copy thereof shall be recorded by the executor or administrator in every county of this state in which any real property distributed by the decree is situated." Apparently this was not done in the instant case as McDaniel Title Company's certificate showed Bertha V. Russell as the record owner. Nor is there any reason given for the failure to search probate records. In any event this is immaterial to the case at bar given the definition of owner in § 429.150, RSMo 1986, and Bessenbacher's contacts with Rick Russell and Ron Bronstein.

Nor can respondent save itself by its misplaced reliance on *Garavaglia v. J. L. Mason of Missouri*, 733 S.W.2d 53 (Mo. App.1987). The court in *Garavaglia* points out that a lien claimant is held to reasonable and substantial compliance with the statutory requirements. *Id.* at 56. In *Garavaglia*, the court found that the plaintiff's lien statement sufficiently complied with the statutory requirements where the plaintiff named "Mason–Cassilly, Inc.," an owner rather than "Mason–Cassilly of Missouri, Inc.," as there was "no indication that plaintiffs made anything but an honest mistake in naming the property owner or that anyone was mislead by the mistake." *Id.* Such is not true in the instant case. Columbia did not make an "honest mistake" as envisioned by the court in *Garavaglia* but instead, for whatever reason, served a dead woman instead of serving I. D. Russell, with which it had dealings.

Accordingly, as Columbia failed to serve the owner of the property as defined by

§ 429.150, RSMo 1986, as required by § 429.100, RSMo 1986, it failed to comply with the necessary requirements to establish a mechanic's lien. Therefore, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

All concur.