Carolyn JOHNSON, Plaintiff/Appellant,

v.

DELMAR GARDENS WEST,
INC., Defendant,

and

Delmar Gardens of Chesterfield,
LLC, d/b/a Delmar Gardens
of Chesterfield,

and

Delmar Gardens of Chesterfield, Inc.,
Defendants/Respondents.

No. ED 95317.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 8, 2011.

Andrew L. Mandel, St. Louis, for Plaintiff/Appellant.

JoAnn Sandifer, Clayton, for Defendant Delmar Gardens West, Inc.

Gregory J. Minana, Angela S. Quinn, Clayton, for Defendants/Respondents.

## SHERRI B. SULLIVAN, P.J.

### Introduction

Carolyn Johnson (Plaintiff) appeals from the trial court's judgment granting the motion to dismiss of Delmar Gardens of Chesterfield, L.L.C., d/b/a Delmar Gardens of Chesterfield and Delmar Gardens of Chesterfield, Inc. (collectively the Chesterfield Defendants) and dismissing all claims against them with prejudice. We reverse and remand.

### Factual and Procedural Background

On November 23, 2009, Plaintiff filed a petition against Delmar Gardens West (West) for damages for the wrongful death of her husband, Manuel Johnson (Decedent), on February 4, 2007. On March 23, 2010, West filed a Motion for Summary Judgment on the basis that there was no genuine dispute that Decedent was never a resident at West's facility and, therefore, West had no duty of care in the absence of a healthcare provider-patient relationship. The record indicates that the parties agreed to extend the proceedings on the Motion for Summary Judgment until the parties briefed the other issues presented in the case.

On April 2, 2010, Plaintiff filed her first amended petition adding the Chesterfield Defendants to her wrongful death suit. In the amended petition, Plaintiff alleged that in January 2007 Decedent was accepted as a resident into Chesterfield's nursing home and Decedent subsequently fell from his bed and sustained injuries which ultimately resulted in his death.

On May 3, 2010, the Chesterfield Defendants filed a Motion to Dismiss alleging that Plaintiff's claims were time barred. On May 26, 2010, Plaintiff filed a response to the Chesterfield Defendants' Motion to Dismiss. In her response, Plaintiff stated that during discovery, "it was determined that the proper name for the facility ("Delmar Gardens of Chesterfield") that decedent resided in prior to his death was either Delmar Gardens of Chesterfield Operating L.L.C. or Delmar Gardens of Chesterfield, Inc." Plaintiff acknowledged that the amended petition alleged that all three defendants operated skilled nursing facilities and provided care to Decedent but contended that the original petition makes clear that the Plaintiff intended to sue the entity that owned, controlled or managed the facility in which Decedent was a resident and that she is seeking only to name the correct facility. On July 2, 2010, the trial court entered its judgment and order granting the Chesterfield Defendants' Motion to Dismiss, dismissing all claims against them with prejudice.

■ On July 14, 2010, Plaintiff filed a Motion to Reconsider Dismissal of Chesterfield Defendants and/or alternatively Motion for Substitution of Parties. Plaintiff sought an order from the court vacating its order and judgment in favor of the Chesterfield Defendants or, in the alternative, granting Plaintiff leave to substitute the Chesterfield Defendants for West. On July 28, 2010, the Chesterfield Defendants filed their opposition to Plaintiff's Motion for Reconsideration, in which they urged that Plaintiff's request for substitution be denied. On July 30, 2010, the Court entered its Judgment and Order denying Plaintiff's Motion to Reconsider or, in the alternative, Substitution of Parties. This appeal follows.[1]

## Point Relied On

On appeal, Plaintiff contends the trial court erred in granting the Chesterfield Defendants' Motion to Dismiss, in that the amended petition relates back to the original petition because the joinder of the Chesterfield Defendants constitutes: (1) the correction of a misnomer under the first sentence of Rule 55.33(c) and/or (2) an amendment that relates back under the second sentence of Rule 55.33(c). Plaintiff also maintains that the Chesterfield Defendants waived their statute of limitations defense by not affirmatively pleading the specific statute on which they rely.

## Standard of Review

■ "A motion to dismiss may raise the issue that a claim is barred by a statute of limitation where the petition shows upon its face that the action is barred." *Reed v. Rope*, 817 S.W.2d 503, 507 (Mo.

App. W.D.1991). Although the Chesterfield Defendants filed a motion to dismiss, both parties included exhibits in their filings on the motion to dismiss with the trial court and neither party objected to the admission of facts outside of the pleadings. "A motion to dismiss that properly raises that a statute of limitation bars a claim may be treated as a motion for summary judgment and ruled on at that time." *Id.* Here, because both parties presented matters outside of the pleadings to the trial court, neither party objected to the admission of such evidence, and the parties continue to rely on this information on appeal, we find the motion was treated as one for summary judgment. *Mitchell v. McEvoy*, 237 S.W.3d 257, 259 (Mo.App. E.D.2007).

We review the trial court's grant of summary judgment essentially *de novo*. *ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will uphold summary judgment on appeal only where there is no genuine issue of material fact and the moving is entitled to judgment as a matter of law. *Id.* The record is viewed in the light most favorable to the party against whom judgment was entered. *Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc.*, 239 S.W.3d 631, 634 (Mo.App. E.D. 2007).

## Discussion

Plaintiff is seeking damages for Decedent's alleged wrongful death pursuant to Section 537.080.[2] An action for wrongful death brought under this Section must be commenced within three years after the cause of action accrues. Section 537.100. The parties agree that the statute of limi-

1. Although West's Motion for Summary Judgment is still pending in the trial court, the court's dismissal of the Chesterfield Defendants from the action is a final appealable order, in that the trial court found there was no just reason for delay of the appeal.

2. All statutory references are to RSMo 2006, unless otherwise indicated.

tations ran on February 4, 2010, three years after the Decedent's death. Plaintiff filed her original petition against West within the statutory time limit but did not join the Chesterfield Defendants until after the statute of limitations had run.

"Rule 55.33(c) allows amended pleadings filed out of time to relate back to the original pleading in certain situations." *Goodkin v. 8182 Maryland Associates Ltd. Partnership,* 80 S.W.3d 484, 487–89 (Mo. App. E.D.2002). Rule 55.33 [3] provides as follows:

> (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Historically, this rule has allowed relation back in cases involving the correction of a misnomer and changes made due to a mistake concerning the identity of the proper party. *Tyson v. Dixon,* 859 S.W.2d 758, 761 (Mo.App. W.D.1993). Plaintiff contends the joinder of the Chesterfield Defendants in her first amended petition falls under both categories.

First, Plaintiff contends that this case involves a misnomer. A misnomer is a misdescription or a mistake in some aspect of a party's name. *Bailey v. Innovative Management & Inv., Inc.,* 890 S.W.2d 648, 651 (Mo. banc 1994). It occurs where a summons is served on the right party but with the wrong name. *P & K Heating & Air Conditioning, Inc. v. Tusten Townhomes Redevelopment Corp.,* 877 S.W.2d 121, 125–26 (Mo.App. E.D.1994).

As a misdescription, a correction of a misnomer is not considered to be a change in party requiring the plaintiff to meet the specific notice requirements of Rule 55.33. *Bailey,* 890 S.W.2d at 651. A misnomer does not destroy the effectiveness of a petition, and its correction relates back to the date of the filing of the petition when it is clear that the proper party received notice. *Watson v. E.W. Bliss Co.,* 704 S.W.2d 667, 669–70 (Mo. banc 1986).

Plaintiff argues that she mistakenly identified West as a defendant and that the joinder of the Chesterfield Defendants should relate back because it was done only to remedy the mistake in identifying the specific entity of the Delmar Gardens enterprise that accepted Decedent as a resident into its nursing home.

This, however, is not a case of misnomer where a plaintiff sued the correct party but misdescribed the party in the petition. Plaintiff was not simply mistaken as to some aspect of the correct party's name but was mistaken as to the identity of the party and sued the wrong entity. Plaintiff freely admits that she did not sue the correct party; therefore, Plaintiff's joinder of the Chesterfield Defendants does not relate back as a misnomer.

Next, Plaintiff argues that even if joining the Chesterfield Defendants was a

**3.** All rule references are to Mo. R. Civ. P.2010, unless otherwise indicated.

change in a party, the amendment relates back to the filing of the original petition pursuant to Rule 55.33(c).

■ "Rule 55.33(c) applies only to amendments changing the party against whom a claim is asserted." *Windscheffel v. Benoit*, 646 S.W.2d 354, 356 (Mo. banc 1983). "[F]or the rule to apply, plaintiff must have made a mistake in selecting the proper party to sue, *i.e.*, plaintiff must have brought an action against the wrong party." *Id.*

The Missouri Supreme Court has previously distinguished between changing a party defendant and adding a party defendant. In *Windscheffel*, the plaintiff argued that his amended petition adding a malpractice claim against a physician related back to the filing of his original petition in which only the hospital was named as a defendant. *Windscheffel*, 646 S.W.2d at 354, 356. The court held that Rule 55.33 was inapplicable, reasoning:

> Here, plaintiff wished to *add*, not *change*, a party to his suit. Research Hospital remained a party until May 14, 1980 when plaintiff and the hospital settled. Moreover, for the Rule to apply, plaintiff must have made a mistake in selecting the proper party to sue, i.e., plaintiff must have brought an action against the wrong party. He states that defendant was inadvertently omitted from the original petition which constitutes a mistake allowing the amendment to relate back to the original pleading. But Rule 55.33(c) is a remedy for a mistake in *identity*, and the remedy is a *change* in party. Plaintiff here made no mistake in identity nor does he argue any such mistake. Moreover, he does not seek to *change* parties; he seeks to add one.

*Id.* at 357 (emphasis in original).

In *State ex rel. Hilker v. Sweeney*, 877 S.W.2d 624, 628 (Mo. banc 1994), the court applied *Windscheffel* to a plaintiff's addition, after the statute of limitations had expired, of party defendants that had previously been named as third-party defendants. The court emphasized that relation back is triggered only by a mistake in identifying a party defendant and not by a mistake in failing to add a party defendant. *Id.*

Contrary to Plaintiff's assertions on appeal, the law distinguishes between the substitution of parties and the addition of parties. Here, there can be no doubt that Plaintiff added parties, as opposed to changed the parties through substitution. That being said, it is equally clear that Plaintiff's addition of the Chesterfield Defendants was an attempt to correct Plaintiff's mistake in the identity of the proper defendant. Plaintiff named West as the defendant in the petition because she mistakenly believed that West was the facility where her husband sustained his injuries. Once Plaintiff realized her mistake, she attempted to correct this mistake in identity, albeit incorrectly, by adding the Chesterfield Defendants.

■ However, Rule 55.33 is to be applied liberally, and is based on the concept of whether a defendant has been given notice sufficient to defend himself against the claims. *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 116 (Mo.App. W.D.2006). Furthermore, "'[s]tatutes of limitation were never intended to be used as swords. Rather, they are shields, primarily designed to assure fairness to defendants by prohibiting stale claims' which tend 'to undermine the truth finding process.'" *Thorson v. Connelly*, 248 S.W.3d 592, 596 (Mo. banc 2008), quoting *Mikesic v. Trinity Lutheran Hospital*, 980 S.W.2d 68, 73 (Mo.App. W.D. 1998) (internal citations omitted).

Although Plaintiff made a procedural error in correcting her mistake, we find that this mistake is not fatal to her action. Unlike *Hilker* and *Windscheffel*, Plaintiff was not adding new parties to seek recovery under additional or novel theories of liability but, instead, was attempting to seek recovery under her original theory of liability from the nursing facility that housed Decedent in January 2007 and committed the alleged negligent acts.

Notably, West filed a Motion for Summary Judgment seeking to have the petition against it dismissed on the basis that Decedent was never a resident in its facility. By agreement of the parties, the advancement of this motion in the trial court was delayed pending briefing of the relation back issue. So while the Chesterfield Defendants place great emphasis on the fact that West remains a party to the lawsuit, and therefore claim the Chesterfield Defendants can only be viewed as additional defendants with new claims asserted against them, the parties themselves agreed to temporarily keep West as a defendant in the suit.

■ In this case, there is no question that Plaintiff is seeking to bring a single action against the sole nursing facility that committed the acts that allegedly led to Decedent's death. Plaintiff conceded at oral arguments before this Court that her action cannot proceed against both West and Chesterfield, and that it is now clear that Chesterfield is the correct party to the lawsuit. This case involves a mistake in the identification of a defendant and Plaintiff's actions exhibit her intent to rectify the misidentification. Because the proper remedy for a mistake in the identity of a defendant is a substitution of the correct party for the incorrect party, the Chesterfield Defendants should be substituted for West as defendants in Plaintiff's

action so long as Plaintiff satisfies the notice provisions of Rule 55.33.

■ There are several requirements under Rule 55.33 that must be met before an amendment to the pleadings changing the party against whom a claim is asserted will relate back to the date of the original petition. Rule 55.33(c); *Garavaglia v. Mason of Missouri, Inc.*, 733 S.W.2d 53, 55 (Mo.App. E.D.1987). First, the claim in the amended pleading must arise out of the conduct, transaction, or occurrence set forth in the original pleading. Rule 55.33(c); *Garavaglia*, 733 S.W.2d at 55. This is clearly the case here, as Plaintiff's original and amended petitions are seeking recovery for alleged acts that occurred in the nursing home in which Decedent was living in January 2007.

■ Rule 55.33(c) also requires that the party brought in by the amended petition had, within the statute of limitations period, (1) received "notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits" and (2) actual or constructive knowledge that but for a mistake concerning the identity of the proper party, the action would have been brought against him. Rule 55.33(c); *Garavaglia*, 733 S.W.2d at 55. Under Rule 55.33(c), notice is sufficient when " 'the party actually sued and the party whom plaintiff meant to sue had a sufficient identity of interest or were so closely connected that notice to one would suffice to inform the other of a pending claim for relief.' " *Garavaglia*, 733 S.W.2d at 55, quoting *Beatty v. Metropolitan St. Louis Sewer Dist.*, 700 S.W.2d 831, 836–37 (Mo. banc 1985).

Here, the record is replete with evidence that the Chesterfield Defendants had notice of the action and that they knew or should have known that but for Plaintiff's mistake, the action would have been brought against them. The record indi-

cates that West and. the Chesterfield Defendants have the same registered agent; their Annual Registration Report filed with the Secretary of State is filed by the same controller; and they share the same corporate headquarters, the same attorneys, and a majority of the same officers and directors. See *Mallek v. First Banc Insurors Agency*, 220 S.W.3d 324, 332 (Mo. App. E.D.2007).

Based on the foregoing, we find that the trial court erred in granting the Chesterfield Defendants' motion and in dismissing Plaintiff's claims against the Chesterfield Defendants with prejudice. Because this case involves a mistake in the identity of a defendant and Plaintiff has satisfied the notice requirements of Rule 55.33, on remand we order the trial court to substitute the Chesterfield Defendants for West as defendants in Plaintiff's action.

### Conclusion

We reverse the judgment of the trial court and remand, ordering the trial court to substitute the Chesterfield Defendants for West as defendants.

CLIFFORD H. AHRENS, and
LAWRENCE E. MOONEY, JJ., concur.