**STATE ex rel. John HILKER, et al., Relators,**

v.

**The Honorable J. Miles SWEENEY, Judge, Circuit Court, Greene County, Respondent.**

No. 76315.

Supreme Court of Missouri, En Banc.

May 26, 1994.

As Modified on Denial of Rehearing June 21, 1994.

Douglas N. Ghertner, Kansas City, Warren S. Stafford, Springfield, for relators.

John E. Price, Springfield, for respondent.

1. Other passengers in the Blazer, James and Patrick Bussard, also sued Snyder Bridge Company, James Earl Little, the driver of the Blazer, and Timothy Waterman, an employee of Snyder Bridge Company who was the driver of the tractor-trailer. James Earl Little filed cross-claims against Snyder Bridge Company and Timothy

LIMBAUGH, Judge.

Relators John Hilker and AlliedSignal, Inc. seek a writ of prohibition to prevent Respondent from proceeding to trial in a wrongful death case brought against them by Murlene and Sonja Saffle. As grounds for the writ, Relators claim that the trial court exceeded its jurisdiction by sustaining the Saffles' motion for leave to amend their petition to add the Relators as parties defendant. Relators offer two reasons to support their claim: 1) the Saffles had dismissed their lawsuit altogether before the court ruled on the motion for leave to amend, and 2) the statute of limitations ran before the motion for leave to amend was filed. This Court issued its preliminary writ of prohibition on October 26, 1993, which we now make absolute.

I.

Buel Saffle died on September 11, 1989, as a result of a collision between a Chevrolet S–10 Blazer in which he was a passenger and a tractor trailer owned by Snyder Bridge Company. Murlene and Sonja Saffle, the wife and daughter of Buel Saffle, filed a wrongful death suit naming only Snyder Bridge Company as defendant.[1] Snyder Bridge Company filed a third-party petition against John Hilker and Bendix Products Corporation (now known as "AlliedSignal"). This third-party action sought indemnification and contribution from Hilker because of his alleged negligence in the operation of his vehicle by failing to move his vehicle from the travel lane of the highway and from AlliedSignal because of its alleged remanufacture and sale of a defective RE–6 relay emergency valve which had been installed on the Snyder Bridge Company's tractor trailer.

On July 29, 1993, Murlene and Sonja Saffle filed an "Application for Approval of Compromise Settlement" of their wrongful death claim against Snyder Bridge Company. The trial court, after a hearing required by

Waterman. The trial court later consolidated these actions with the Saffles' case. After this Court issued its preliminary writ, the parties in the Bussards' suit advised this Court that they were no longer interested parties in this prohibition proceeding.

§ *537.095.3, RSMo 1986*,[2] entered an order approving the settlement. At the same hearing, the parties filed several pleadings as noted in the following docket sheet entry:

Pltf Saffle by atty Price, ... Defts Allied and Hilker appear not. Entry of Appearance, Waiver and Consent to Settlement and Distribution of Settlement Proceeds filed. Jury Waived. Hearing held. Order Approving Compromise Settlement entered by Court and filed. Release Pursuant to RSMO Sec. 537.060 filed. Report of Pltfs, Receipt of Murlene Saffle, Receipt of Sonja Saffle, Receipt of Atty, filed. *Motion for Leave of Court to File Joint Amended Petition*, filed. Notice filed. Voluntary dismissal as to Certain Named Defts, filed. Voluntary Dismissal Without Prejudice, filed. Case remains open as to Defts Allied and Hilker.

On August 25, 1993, the trial court heard the motion for leave to amend. Hilker and AlliedSignal, by special appearance, objected to the hearing, but the amendments were allowed. Thereafter, at the request of Hilker and AlliedSignal, this Court issued a preliminary writ of prohibition.

## II.

Relators' first point is that the trial court lost jurisdiction to rule on the motion to amend the pleadings when the Saffles dismissed the claim against their only defendant, Snyder Bridge Company. To support this contention, Relators cite *State ex rel. Fisher v. McKenzie*, 754 S.W.2d 557, 560 (Mo. banc 1988), which recognizes the well-settled rule "that after a plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, the court is without further jurisdiction." The effect of the dismissal "is as if the suit had never been brought.... No steps can be taken upon the suit after dismissal.... Any steps taken thereafter are a nullity...." *Id.*

The trial court will only lose jurisdiction, however, if the dismissal encompassed all of the claims and all of the defendants that were pending at the time the dismissal was entered. *May v. Bradford*, 369 S.W.2d 225,

227 (Mo.1963); *Stith v. J.J. Newberry Co.*, 336 Mo. 467, 79 S.W.2d 447, 461–62 (1935). Unlike this case, *Fisher*, and the cases on which it relies, involved dismissals in which all pending claims were resolved. Consequently, the trial courts were precluded from exercising jurisdiction over new claims that were filed *after* the entry of the dismissal. By contrast, the Saffles' motion to amend the pleadings to state a claim against the third-party defendants was filed *before* the dismissal of the claim against the original defendant, Snyder Bridge Company. Moreover, the dismissal did not purport to resolve any claim other than that against Snyder Bridge Company.

■ Relators do not dispute that a plaintiff may dismiss fewer than all claims or fewer than all defendants. Instead, they suggest that Saffles' motion to amend the pleadings does not rise to the level of a "full-fledged" claim on which jurisdiction may attach. Relators contend, in other words, that the trial court must have ruled affirmatively on the motion to amend before a claim against the third-party defendants can be perfected. Only by this action, they explain, may the court retain jurisdiction.

We hold, however, that the trial court does have jurisdiction simply by virtue of the pending motion for leave to amend. The plaintiff had done all that was possible to perfect the new claim, and the trial court had a continuing obligation to rule on the pending motion unless the motion was withdrawn or disposed of in some other fashion. The trial court properly recognized this proposition by noting on the docket after the entry of dismissal, that the "[c]ase remains open as to Defts Allied and Hilker."

## III.

■ The statute of limitations for wrongful death cases, § *537.100, RSMo 1986*, requires that an action must be "commenced within three years after the cause of action

2. Section 537.095.3 provides:

In any action for damages under section 537.080, the trier of facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for

such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.

shall accrue." In this case, the cause of action accrued on September 11, 1989, when Buel Saffle died. Snyder Bridge Company filed a third-party petition against Hilker and AlliedSignal on June 26, 1991, within the three-year limitation period. However, the Saffles did not move to amend their petition to assert a claim against Hilker and Allied-Signal until July 29, 1993, well after the statutory time had run. Citing Rules 52.-11(a) and 55.33(c), the Saffles contend nevertheless that the statute of limitations is no bar.

The Saffles assert that Rule 52.11(a) allows them to bring an otherwise time-barred claim against a third-party defendant so long as the claim arises out of the same transaction or occurrence as their claim against the principal defendant. Rule 52.11(a) provides in pertinent part:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party.

\* \* \* \* \* \*

The person served with the summons and third-party petition, hereinafter called the third-party defendant, shall make defenses to the third-party plaintiff's claim as provided in Rule 55. . . . The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert defenses as provided in Rule 55 and counterclaims and cross-claims as provided in Rule 55.

As we understand the Saffles' argument, the statute of limitations bars neither a third-party claim nor a claim by the original plaintiff against a third-party defendant because these claims may be filed "at any time after commencement of the [original] action." However, the phrase "[a]t any time . . ." pertains only to the time during the course of the suit that such claims may be filed, and the phrase has nothing to do with the defense of the statute of limitations.

By the express terms of Rule 52.11(a), third-party defendants may assert Rule 55 defenses, one of which is the statute of limitations. *See* Rule 55.08. Nevertheless, the Saffles rely on *State ex rel. General Electric Co. v. Gaertner,* 666 S.W.2d 764, 766 (Mo. banc 1984), for the proposition that statutes of limitations do not bar third-party actions brought under Rule 52.11(a), despite the express provision for asserting the defense. *Gaertner,* however, is limited to a claim brought by a defendant/third-party plaintiff against a third-party defendant. The *Gaertner* rationale is that a defendant/third-party plaintiff's claim against a third-party defendant, which is necessarily based on contribution, indemnification or subrogation, cannot accrue until judgment is rendered in favor of the original plaintiff. *Id.* It follows, therefore, that until plaintiff is awarded judgment on the original claim, the statute of limitations is not a viable defense for a third-party defendant.

This rationale does not apply, however, to a separate and distinct claim brought by the original plaintiff against a third-party defendant. In this case, the Saffles' claim against the third-party defendant is a tort action which, unlike the third-party plaintiff's claim for contribution, subrogation, or indemnification, accrued when the plaintiff was injured. In this context, therefore, the statute of limitations is indeed a viable defense that may be asserted against the Saffles under Rule 52.-11(a).

This issue has also been raised before various federal courts interpreting Rule 14(a) of the Federal Rules of Civil Procedure, the federal counterpart to Rule 52.11(a). Consistent with our decision, the federal courts uniformly hold that a plaintiff's claim against a third-party defendant is a separate claim from that brought by the defendant/third-party plaintiff and is subject to the applicable statute of limitations. *St. Paul Fire & Marine Ins., Co. v. United States Lines Co.,* 258 F.2d 374, 376 (2d Cir.1958), *cert. denied* 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574 (1959); *Wandrey v. McCarthy,* 804 F.Supp. 1384, 1386 (D.Kan.1992); *Hanko v. United States,* 583 F.Supp. 1280, 1284 (W.D.Pa.1984); *Monarch Indust. Corp. v. American Motorists Ins. Co.,* 276 F.Supp. 972, 981 (S.D.N.Y. 1967); *Horan v. Pope & Talbot, Inc.,* 119 F.Supp. 711, 712 (E.D.Pa.1953); *Frankel v.*

*Back,* 37 F.R.D. 545, 547 (E.D.Pa.1965); *Carlise v. Monongahela Ry. Co.,* 16 F.R.D. 426, 427 (W.D.Pa.1954); Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1457 (1990).

 The Saffles next contend that their claim against Hilker and AlliedSignal "relates back" to either the filing of their original petition or to the filing of Snyder Bridge's third-party petition. In either instance, the "relation back" would be to a date within the statute of limitations. Rule 55.-33(c), on which the Saffles rely, provides:

> **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing the party* against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, *but for a mistake concerning the identity of the proper party,* the action would have been brought against the party.

Rule 55.33(c) (emphasis added).

Although not in the context of third-party practice, this Court, in *Windscheffel v. Benoit,* 646 S.W.2d 354, 357 (Mo. banc 1983), held that "[F]or the Rule to apply, plaintiff must have made a mistake in selecting the proper party to sue, i.e., plaintiff must have brought an action against the wrong party.... Rule 55.33(c) is a remedy for a mistake in *identity,* and the remedy is a *change* in party." This Court then concluded that "relation back" under Rule 55.33(c) applies only to amendments *changing* parties and not to amendments *adding* parties. *Id.*[3] We find nothing in Rule 55.33(c) to support a different application of the Rule in third-party practice situations.

The Saffles urge that "relation back" should be allowed on the theory that the third-party defendant, having actively participated in the case prior to the proposed amendment, is not prejudiced. They also suggest that "relation back" does nothing more than adjust the status of existing parties. In our view, however, the text of the Rule does not support such an expansive interpretation because, as stated earlier, "relation back" is triggered only by a mistake in identifying a party defendant and not by a mistake in failing to add a party defendant. We hold, therefore, that Rule 55.33(c) does not allow the "relation back" necessary to toll the statute of limitations on Saffles' claim against Hilker and AlliedSignal.

The preliminary writ of prohibition is made absolute.

All concur.

---

**3.** Although *Windscheffel* analyzed a prior version of Rule 55.33(c), the differences in the current version are not pertinent to the issue here presented.