**Brian S. SCHULTZ By Rudolph SCHULTZ, Guardian, Appellant,**

v.

**Jean Pierre ROMANACE, M.D., and Larry Carnagey, Respondents.**

No. 19991.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 13, 1995.

Glenn R. Gulick, Jr., Hershewe & Gulick, P.C., Joplin, for appellant.

David W. Hall, Jr., Richard L. Rollings, Jr., Bussell, O'Neal & Hall, Springfield, for respondent Romanace.

Frank Cottey, Schroff, Glass & Newberry, P.C., Springfield, for respondent Carnagey.

PARRISH, Judge.

This is an appeal of a judgment on the pleadings in favor of respondent Larry Carnagey and an order granting a motion to dismiss for failure to state a cause of action with respect to respondent Jean Pierre Romanace, M.D.[1] The basis for the judgment on the pleadings and for the order dismissing the petition for failure to state a cause of action was the running of the applicable statute of limitations. This court affirms.

Appellant, by his guardian, filed a petition in the Circuit Court of Lawrence County, Missouri, June 18, 1992, alleging that he sustained personal injuries as a result of acts of negligence committed by certain providers of health care services. The petition alleged the negligent acts occurred on or about July 2, 1990.

The petition named the State of Missouri and seven identified individuals as defendants. It named Jane Doe I, Jane Doe II, Jane Doe III, John Doe I, John Doe II and John Doe III as additional defendants. A paragraph in the body of the petition stated:

John Does, I, II, III, and Jane Does I, II, III, are persons whose identities are presently unknown but who were responsible for rendering skilled care, treatment, and supervision for Brian Schultz at Missouri Rehabilitation Center in Mount Vernon, Missouri. The true identities of said persons will be substituted at such time as they become known to Plaintiff. Plaintiff requests the order of the Court posting a copy of this petition in one or more places conspicuous to employees and staff of Missouri Rehabilitation Center at Mount Vernon.

The trial court entered an order for a copy of the petition to be posted at the Missouri Rehabilitation Center. A copy of the pleading and a copy of the trial court's order were posted on a bulletin board at that facility.

Appellant filed a First Amended Petition February 16, 1994. In addition to the seven identified individual defendants named in the original petition, the First Amended Petition named respondent Jean Pierre Romanace, M.D., and respondent Larry Carnagey as defendants. It again named Jane Doe I, Jane Doe II, Jane Doe III, John Doe I, John Doe II and John Doe III as defendants. The State of Missouri had previously been dismissed as a defendant because of sovereign immunity.

Respondent Romanace filed his motion to dismiss May 18, 1994. Respondent Carnagey filed his motion for judgment on the pleadings August 25, 1994. Both motions asserted that appellant's action was barred by § 516.105.[2]

Section 516.105 states:

All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care *shall be brought within two years from the date of occurrence of the act of neglect complained of,* . . . . [Emphasis added.]

Appellant raises one point on appeal. He contends the trial court erred in granting respondents' motion for judgment on the pleadings and motion to dismiss the petition "because the suit against [Dr. Romanace and Mr. Carnagey] . . . was timely filed in that the identification of the defendants as 'John Doe' defendants in the original timely petition constituted sufficient filing to toll the running of the statute of limitations."

Appellant relies primarily on *Maddux v. Gardner*, 239 Mo.App. 289, 192 S.W.2d 14 (1945). *Maddux* was a wrongful death action against the Chicago & Alton Railroad Co., the company's trustee, and the engineer and fireman of one of the company's trains that ran over the deceased.

The applicable statute of limitation in *Maddux* required the suit to be brought within one year after the death of the de-

---

1. The trial court found no just reason for delay in accordance with Rule 74.01 and entered judgment for respondents Carnagey and Romanace.

2. References to statutes are to RSMo 1986.

ceased. He was killed March 19, 1942. The suit was filed March 4, 1943. It identified the engineer and fireman as " 'John Doe', alleged to have been a citizen and resident of the State of Missouri, and the engineer on the train in question, and 'Richard Roe', alleged to have been a citizen and resident of the State of Missouri, and the fireman on the train." 192 S.W.2d at 17.

On January 7, 1944, more than one year following the date of death, the petition was amended by interlineation to drop the names John Doe and Richard Roe as defendants and to substitute B.A. Marble and S.B. Allison as defendants. The amendment described them as the engineer and fireman of the train.

At the close of the evidence, the plaintiff dismissed as to the railroad and the fireman, Allison. On appeal the defendants contended that the addition of Marble as a defendant was barred by the one-year statute of limitations.

In *Maddux* the court held that the amendment related back to commencement of the suit; that the action against Marble was not barred by the statute of limitations. The court said:

> The petition discloses that it was the intention of plaintiff to sue the engineer of the train.... The amending of the petition by inserting the name, Marble, was not the addition of another party to the cause of action but constituted a mere substitution of names. While no service of summons was had upon Marble, within the statutory time, or until after the expiration of one year from the date of the death of deceased, the service of summons did not constitute the commencement of the suit as against Marble. Suit was begun when the petition was filed against John Doe who was alleged to have been the engineer, and the amendment related back to the time of the filing of the petition.

192 S.W.2d at 18 (citations omitted).

The Western District of this court has said, with respect to the holding in *Maddux*:

The court held the action commenced against "John Doe," the engineer, because the allegations of the time and place of the occurrence and the description of the train adequately informed the defendants at the outset who was the real person conditionally designated by the fictitious name. *Smith v. Lewis,* 669 S.W.2d 558, 561–62 (Mo. App.1983). This court agrees with that analysis.

In *Maddux* the original petition described the conduct of the train engineer that was alleged to have caused the claimant's injury. There was no question but that the person serving as the engineer on the train at the time of the accident was the individual sued.

▪ The original petition in this case did not sufficiently describe conduct from which Mr. Carnagey or Dr. Romanace could be identified as persons whose treatment produced appellant's injuries. The reference in the original petition to acts of fictitious persons was nothing more than a statement that appellant desired to add additional named parties as defendants if he acquired sufficient information to permit him to do so.[3] The pleading did not state facts that would have notified Dr. Romanace or Mr. Carnagey that they were persons against whom claims were made concerning their treatment of appellant.

Appellant contends that adding Dr. Romanace's and Mr. Carnagey's names as defendants was done to correct the use of wrong names in the original petition. He contends that Rule 55.33(c) and *Bailey v. Innovative Management & Investment, Inc.,* 890 S.W.2d 648 (Mo. banc 1994), permit such corrections. This court does not agree.

▪ This is not a misnomer case. It does not involve a mistake of identity of a proper party. It is an attempt to add a party more than two years after the injury occurred. "As the Missouri Supreme Court clearly stated in *Windscheffel v. Benoit,* 646 S.W.2d 354 (Mo. banc 1983), Rule 55.33(c) applies only to amendments changing the party against whom a claim is asserted; the rule is inappli-

---

**3.** The notice that appellant obtained from the trial court for posting at the health care facility

was directed to "unnamed potential defendants."

cable to the case in which a plaintiff seeks to add a party." *Shroyer v. McCarthy,* 769 S.W.2d 156, 158–59 (Mo.App.1989).

When appellant filed his First Amended Petition, he did not substitute Dr. Romanace's or Mr. Carnagey's name for John Doe I, John Doe II or John Doe III. He added Dr. Romanace's and Mr. Carnagey's names without deleting any fictitious name that was included in the original petition. To hold, under the facts in this case, that appellant's actions in adding Dr. Romanace and Mr. Carnagey as defendants related back in time to the time the original petition was filed would render § 516.105 meaningless.

The judgment on the pleadings in favor of Mr. Carnagey and the order dismissing the claim against Dr. Romanace are affirmed.

PREWITT, P.J., and CROW, J., concur.