STATE of Missouri ex rel. Neal W. HOLZUM, M.D., Relator,

v.

The Honorable Nancy L. Schneider, Respondent.

State of Missouri ex rel. BC Missouri Emergency Physicians, LLP, Scott L. Landry, M.D., and David Poggemeier, M.D., Relators,

v.

The Honorable Nancy L. Schneider, Respondent.

Nos. SC 91434, SC 91418.

Supreme Court of Missouri, En Banc.

July 19, 2011.

Michael J. Smith and Tricia J. Mueller of Lashly & Baer PC, St. Louis, for Holzum.

Terese A. Drew and Kara L. Kezios of Hinshaw & Culbertson LLP, St. Louis, for BC Emergency Physicians, Landry and Poggemeier.

Mark T. McCloskey and Patricia N. McCloskey of McCloskey PC, St. Louis, for Eric Katz.

Peter J. Crane and Jennifer C. Hansen of Williams, Venker & Sanders LLC, St. Louis, for Barnes–Jewish St. Peters.

MICHAEL A. WOLFF, Judge.

### Introduction

On the last day of the three-year limitations period, Eric Katz filed a lawsuit alleging medical malpractice in the death of his mother, Alverna Katz. The lawsuit included as named defendants John Doe, Jane Doe, and Washington University and/or Washington University Medical Center. After discovery, Eric Katz amended the petition by adding the names of Drs. Neal W. Holzum, Scott L. Landry, David Poggemeier and BC Emergency Physicians LLP, and dropping John Doe, Jane Doe and Washington University and/or Washington University Medical Center. At the time of the amendment the statute of limitations had expired. Only one defendant named within the limitations period—Barnes–Jewish St. Peters Hospital Inc. d/b/a Barnes–Jewish St. Peters Hospital—remains in the case.

The question is whether the amendment adding these physicians and their employer, BC Emergency Physicians, after the statute of limitations had run "relates back" to the timely filing date of the original petition or whether the claim against these new defendants is barred by the

three-year statute of limitations applicable in this case.

The statute, section 537.100, requires that an action be "commenced" within the three-year limitations period.[1] But the statute does not say when an action is "commenced," and that question can be answered only by reference to the Court's rules and case law.

The newly added defendants moved to dismiss on the ground that the action was not commenced against them within the limitations period; their motion asserted that the "Doe" and Washington University defendants named in the original petition did not meet the requirement in Rule 55.33(c) or the common law "misnomer" principle. Therefore, these parties say, the amendment adding them did not "relate back" to the date of the original filing.

The circuit court overruled the motions to dismiss, and the new defendants—Drs. Holzum, Landry, Poggemeier and BC Emergency Physicians LLP—filed petitions for writs of prohibition.[2]

█ A writ under article V, section 4.1 of the Missouri Constitution is the appropriate remedy to prevent a lower court from proceeding on an action barred by the statute of limitations. *State ex rel. Hilker v. Sweeney*, 877 S.W.2d 624, 626–28 (Mo. banc 1994). This Court issued its preliminary writs of prohibition. Because both writ proceedings arise from the same underlying lawsuit and raise the same issue, they are consolidated for decision. The preliminary writs are made permanent.

## Factual Background

Alverna Katz went to the emergency room at Barnes–Jewish St. Peters Hospital after injuring her head during a fall on October 1 or 2, 2005, and died as a result of her injuries. Three years after her death, at 5 p.m., October 2, 2008, the attorneys for her son, Eric Katz, filed a petition against Washington University and/or Washington University Medical Center, Barnes–Jewish St. Peters Hospital, and John and Jane Doe as providers of medical services. This original petition did not name Drs. Holzum, Landry, Poggemeier and BC Emergency Physicians LLP.

In their brief, the attorneys tell the Court that the initial petition was prepared after plaintiff's counsel was contacted regarding this matter 24 minutes before the court clerk's office was to close on the last day for filing under the statute of limitations. The petition alleged that "on or about October 1 through October 2, 2005, Decedent presented herself to Defendants and through their negligent treatment died on October 2, 2005."

The amended petition filed after discovery deleted Washington University and/or Washington University Medical Center, John Doe, and Jane Doe and added Drs. Holzum, Landry, Poggemeier and BC Emergency Physicians. According to Katz, BC Emergency Physicians LLC, Dr. Landry and Dr. Poggemeier were substituted for Jane Doe, and Dr. Holzum was substituted for John Doe. Barnes–Jewish St. Peters Hospital remained a defendant

---

1. Section 537.100 states, in pertinent part: "Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue...." Section 537.080 specifies who may sue for wrongful death. All statutory references are to RSMo Supp.2010 unless otherwise indicated.

2. Two separate writ petitions were filed: one by Dr. Holzum, and one by Dr. Landry, Dr. Poggemeier and BC Physicians. These two separate writ petitions have been consolidated.

in the case. This second petition was filed more than two years after the first petition—and more than five years after Mrs. Katz's death.

### Did the Amended Petition "Relate Back" to the Date of the First Petition?

█ To determine this question, the Court looks to Rule 55.33(c) and the common law principle of "misnomer." Under either the rule or the common law principle, the correct party must have been notified of the lawsuit within the time provided for service after the filing commences the action.[3]

In the "misnomer" situation, the correct party simply has been misnamed, but it is clear—from the name that was used—who or what the party is. In cases covered by Rule 55.33(c), there can be a change in the party, but the rule requires that the correct party must have received "notice" of the action within the time for service after commencement of the lawsuit.

The "misnomer" cases pre-date adoption of Rule 55.33(c). Even after Rule 55.33(c), this Court continued use of the misnomer analysis in simple cases. For example, in *Watson v. E.W. Bliss Co.*, 704 S.W.2d 667, 670 (Mo. banc 1986), the plaintiff originally designated the defendant as E.W. Bliss Company, Gulf & Western Heavy–Duty Division, but the correct name of the corporate entity was E.W. Bliss Division, Gulf & Western Manufacturing Company. The correction of the party's name related back to the filing date of the original petition; there was no question that the correct party had been timely notified by service in the lawsuit.

Rule 55.33(c), which dates from 1973, allows a change in parties but requires that the correct party defendant receive "notice" of the original action. Rule 55.33(c) says:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and *within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action* as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(emphasis added.)

█ "[F]or [Rule 55.33(c)] to apply, plaintiff must have made a mistake in selecting the proper party to sue, i.e., the plaintiff must have brought an action against the wrong party." *Windscheffel v. Benoit*, 646 S.W.2d 354, 357 (Mo. banc 1983).

*Watson v. E.W. Bliss* explains that *both* the misnomer doctrine and Rule 55.33(c) allow a petition to relate back, but the notice requirement is different in misnomer cases than in cases under Rule 55.33(c). *Watson* held that if a party merely is seeking to correct a misnomer, the amended petition relates back to the filing date of the original petition as long as it is clear that the party had notice when the suit was instituted. 704 S.W.2d

---

**3.** Rule 54.01(c) says: "The person to whom the clerk delivers the summons or other process shall be responsible for promptly serving it with a copy of the pleading and any other paper requiring service."

at 670. However, if a plaintiff seeks to change the party defendant because the plaintiff sued the incorrect party, the party sued must meet the second two requirements of Rule 55.33(c), that is, that within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment "(1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Bailey v. Innovative Mgmt. & Inv. Inc.*, 890 S.W.2d 648 (Mo. banc 1994) (quoting Rule 55.33(c)).[4]

There is nothing inherently fatal to an action in which the petition uses the wrong name, even a "John Doe" designation, but the identity of the actual person should be ascertainable from the contents of the petition so that when the party gets notice of the lawsuit, he knows or should know—as the rule specifies—that the action has been brought against him. A case pre-dating the adoption of Rule 55.33(c) will illustrate this point. In *Maddux v. Gardner*, the plaintiff's petition named as defendants "John Doe," a resident of Missouri identified as the engineer on the train and "Richard Roe," a Missouri resident who was identified as the fireman on the train. 239 Mo.App. 289, 192 S.W.2d 14, 17 (1945). The court held that the amendment related back, not because the petition named John Doe and Richard Roe but because the petition identified the engineer and fireman of the particular train operating on the relevant date with sufficient particularity.

Under Rule 55.33(c), the plaintiff would have to have shown that the engineer and the fireman on the train on the date in question had received notice that a suit had been brought and, if so notified, that these railroad employees knew that but for the mistake in their names, they were the parties intended to be sued. In the *Maddux* case, which was decided under the common law pre-dating Rule 55.33(c), the court's rationale was that the change in names was not the naming of a new party, but was "a mere substitution of names." *Id.* at 296, 192 S.W.2d 14. Cases decided after Rule 55.33(c) was adopted said that the reason that relation back was permissible in *Maddux* was that defendants were adequately identified and had notice that they were named in the lawsuit. *See, e.g., Schultz v. Romanace*, 906 S.W.2d 393 (Mo. App.1995); *Smith v. Lewis*, 669 S.W.2d 558 (Mo.App.1983).

▮ Rule 55.33(c) now requires that the actual defendant receive "notice" of the action within the time allowed for service. The time allowed for service may extend beyond the statute of limitations period for filing the lawsuit but only to the extent described in Rule 54.01(c), which requires that service be made "promptly." This means that the plaintiff must exercise due diligence in effecting service. *See Kennon v. Citizens Mut. Ins. Co.*, 666 S.W.2d 782 (Mo.App.1983).

Katz has not alleged or shown any evidence that Drs. Holzum, Landry, Poggemeier and BC Emergency Physicians received notice of this lawsuit "promptly" after it was filed, as Rule 54.01(c) requires. Even if these actual defendants had been promptly served with process after the filing of the lawsuit, the petition as it was

---

**4.** For early interpretations of Rule 55.33(c) after its adoption, *see Hawkins v. Hawkins*, 533 S.W.2d 634, 638 (Mo.App.1976) and *State*

*ex rel. Jewish Hosp. v. Buder*, 540 S.W.2d 100, 107 (Mo.App.1976).

filed on the last day of the limitations period does not identify these defendants. Specifically, the initial petition does not identify or describe who these health care providers named as "Doe" defendants are, or in what setting in the hospital they treated Mrs. Katz, for example, the emergency room, the operating room, or whatever. The only thing these actual defendants could have learned from the initial petition is that the defendants were "providers of medical services to the consuming public, who at all times relevant to this action was engaged in providing medical services to the consuming public, including Decedent for a fee" and that "Decedent presented herself to Defendants and through their negligent treatment died . . . ." This vague description would hardly suffice for an actual defendant to discern that, in the words of subsection (2) of the rule he "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Rule 55.33(c) requires the filing of the petition "within the period provided by law for commencing the action against the party"—which Katz did but without adequately describing the actual defendants—and that service of process be made within the period of time for "serving notice of the action," which under Rule 54.01(c) means "promptly"—which Katz did not do. Because Katz failed to describe these "Doe" defendants in his first pleading, the actual defendants could not have been "promptly" served after the suit was filed, even if they somehow had received the initial petition. The amended petition does not relate back to the filing of the initial petition.

### Conclusion

The statute of limitations bars Katz's lawsuit for wrongful death against Drs. Holzum, Landry, Poggemeier and BC Emergency Physicians. The preliminary writs in this case are made permanent.

All concur.