In the
 Missouri Court of Appeals
 Western District

 
 ANGELA BROWN, 
 
 Appellant,  WD84077
 v.  OPINION FILED:
 
 VA SECOND LP.,  AUGUST 3, 2021
 
 Respondent. 
 
 

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable John M. Torrence, Judge

 Before Division One: Anthony Rex Gabbert, Presiding Judge,
 Edward R. Ardini, Jr., Judge, Thomas N. Chapman, Judge

 Angela Brown appeals the circuit court’s Judgment dismissing Brown’s First Amended

Petition for Damages against VA Second LP. Brown contends on appeal that the circuit court erred

in dismissing her petition because Brown’s voluntary dismissal of Victoria Arms Apartment

Limited Partnership (“VAALP”) cured Brown’s defective pleading which added VA Second LP as

a defendant, and Brown’s Amended Petition and Voluntary Dismissal and Substitution of Parties

acted together to substitute VA Second LP for VAALP, thereby making application of the relation

back doctrine under Rule 55.33(c) appropriate in this case. We affirm.
 Background and Procedural Information

 On February 1, 2018, Brown filed suit (Case No. 1816-CV02835) against VAALP alleging

that on February 22, 2013, Brown was visiting a tenant who lived in the Victoria Arms Apartments

located at 6311 Woodland Avenue in Kansas City, a property “controlled and operated” by VAALP.

Brown alleged that, on that date, she slipped on unseen ice and suffered permanent and progressive

injury to her body, and that such injuries were a direct and proximate result of VAALP’s negligent

acts and omissions. The court issued a summons for VAALP on April 2, 2018. On October 3,

2018, the court entered an order dismissing Brown’s action without prejudice for “want of

prosecution.” The court noted that VAALP had yet to be served and that “this case was filed in

February and there has been no attempts for service shown in the file since April.”

 On December 19, 2018, Brown refiled her petition. Although filed outside of the five-year

statute of limitations for personal injury actions (Section 516.120(4), RSMo 2016), Brown relied

on Missouri’s savings statute, Section 516.230, RSMo 2016, contending that the statute allowed

her to refile within one year of voluntarily dismissing her initial, timely petition.

 On September 22, 2019, Brown filed a Motion for Leave to File an Amended Petition to

add VA Second LP as a Defendant in the cause. Brown advised the court that “Counsel for the

owner of Victoria Arms Apartments informed Petitioner that the owner of the property at the time

of the incident was VA Second LP.” The court granted leave and Brown filed her First Amended

Petition for Damages on September 26, 2019, naming both VAALP and VA Second LP as

defendants, praying “for a Judgment in her favor and against Defendants, jointly and severally[.]”

 On October 10, 2019, VA Second LP moved to dismiss Brown’s petition with prejudice on

the grounds that the applicable statute of limitations had run. VA Second LP argued in its

Suggestions in Support that Section 516.120(4) provides that a five-year statute of limitations

 2
applies to “an action for … injury to the person,” that Brown’s fall occurred on February 22, 2013,

and that the five-year period in which Brown could have filed her cause of action against VA

Second LP expired February 22, 2018. VA Second LP argued that, as Brown’s First Amended

Petition for Damages against VA Second LP was filed September 26, 2019, Brown’s claim was

time-barred.

 On October 28, 2019, Brown voluntarily dismissed her claim against VAALP. In opposing

the motion to dismiss, Brown argued that, though “inartfully drafted” her addition of VA Second

LP, and dismissal of VAALP in the refiled suit amounted to a substitution of parties and that the

“relation back doctrine” (Rule 55.33) and Missouri’s savings statute (Section 516.230) authorized

Brown to voluntarily dismiss her action and refile it within one year of the voluntary dismissal.

VA Second LP argued that the relation back doctrine was inapplicable to parties (such as VA

Second LP) added to the refiled suit.

 On September 23, 2020, the trial court ultimately granted VA Second LP’s motion to

dismiss1, finding that the statute of limitations for Brown’s claims against VA Second LP expired

on February 22, 2018, and that “the relation back doctrine of Rule 55.33(c) [was] not applicable

in this case.” This appeal follows.

 Standard of Review

 “The standard of review for a trial court's grant of a motion to dismiss is de novo.” Lynch

v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008). We view the facts as true and in the light most

favorable to the plaintiff. Id. “If the petition sets forth any set of facts that, if proven, would entitle

 1
 The trial court initially overruled VA Second LP’s Motion to Dismiss, and then again denied it after VA
Second LP filed a Motion to Reconsider. VA Second LP then filed its Second Motion to Reconsider, in light of this
court’s opinion in Hartman v. Logan, 602 S.W.3d 827 (Mo. App. 2020), which had been handed down in the interim.

 3
the plaintiffs to relief, then the petition states a claim.” Id. We will affirm the dismissal if it was

appropriate on any ground supported by the motion to dismiss. Reid v. Steelman, 210 S.W.3d 273,

279 (Mo. App. 2006).

 Point on Appeal

 Brown contends on appeal that the circuit court erred in dismissing her petition because

Brown’s voluntary dismissal of defendant VAALP cured Brown’s defective pleading which added

VA Second LP as a defendant, and Brown’s Amended Petition and Voluntary Dismissal and

Substitution of Parties acted together to substitute VA Second LP for VAALP, thereby making

application of the relation back doctrine under Rule 55.33(c) appropriate in this case.2 Brown

argues that reliance on Hartman is misplaced because the plaintiffs in Hartman never dismissed

any of the original defendants to allow the new defendants to take their place. Brown contends

 2
 While VA Second LP contends that we should not reach the merits of Brown’s claim because she failed to
address the voluntary nonsuit savings statute of Section 516.230, VA Second LP never raised this statute as barring
Brown’s claim. While Brown discussed this statute in her Answer to VA Second LP’s motion to dismiss, in reply VA
Second LP criticized that Brown only loosely referenced the statute and made no attempt to explain how it applied to
the facts, but VA Second LP never alleged the statute was inapplicable. VA Second LP instead stated: “Principally,
the issue presented here is whether the relation back doctrine applies …” The court focused its final Judgment on the
relation back doctrine, and Brown focuses her appeal on the court’s finding in that regard.

 VA Second LP also moved to dismiss Brown’s appeal for mootness, and this motion was taken with the case.
VA Second LP argues that a holding by this court regarding the applicability of the relation back doctrine would not
impact the trial court’s ruling that Brown’s claim was filed outside of the statute of limitations, making Brown’s appeal
moot. Yet, as discussed above, VA Second LP’s motion to dismiss alleged that Brown’s claim was filed outside the
statute of limitations, and Brown responded to this allegation by contending that the savings statute and the relation
back doctrine, as applied to the facts of Brown’s case, allowed Brown’s claim to survive despite the statute of
limitations. Whether the savings statute applied to allow Brown to file a second petition within one year of her initial
timely-filed petition was not raised by VA Second LP as prohibiting Brown’s claim, and VA Second LP’s arguments
primarily focused on the applicability of the relation back doctrine, as did Brown’s. In ruling on VA Second LP’s
motion to dismiss, the court addressed Brown’s claim regarding the relation back doctrine’s impact on the applicable
statute of limitations, and it is this ruling we review on appeal. Given the focus of the parties, we cannot make the
inferential leap that the court’s finding that Brown’s claim against VA Second LP ran on February 22, 2018, was a
proclamation that the savings statute was inapplicable, which is essentially what VA Second LP argues when arguing
mootness. VA Second LP’s motion to dismiss is denied.

 4
that, “[w]hile unartfully done using two separate pleadings, Plaintiff effectively substituted

original defendant [VAALP] with VA Second LP.” We find no error.

 Hartman involved plaintiffs involved in real estate investment who sued approximately

one hundred unnamed, “Fictitious Defendants” for allegedly publishing defamatory statements

about their business on the internet. 602 S.W.3d at 830. Thereafter, the plaintiffs filed an amended

petition adding two defendants, Ken Logan and Quentin Kearney (“Named Defendants”), alleging

that these individuals were also engaged in the real estate business and were Plaintiffs’ former

business associates and current competitors. Id. at 831. Further, that when the defamatory

statements were published online in 2015, the Named Defendants operated several businesses at

an address in Blue Springs with a Comcast account containing a specific IP address. Id. This IP

address was allegedly associated with an email address that included the name, “Russel

Harrington,” a screen name used to make the alleged defamatory statements. Id.

 The Named Defendants in Hartman moved to dismiss the amended petition, contending

among other things that the claims were time barred and the Amended Petition did not relate back

to the original petition because the Named Defendants did not have notice of the original petition.

Id. The circuit court in Hartman granted the Named Defendant’s Motion to Dismiss, without

explanation. Id. at 833.

 In affirming the trial court’s dismissal, in Hartman, we concluded:

 ‘Rule 55.33(c) is “[the] remedy for a mistake in identity, and the remedy is
 a change in party.”’ Kingsley v. McDonald, 432 S.W.3d 266, 270 (Mo. App. W.D.
 2014) (quoting State ex rel. Hilker v. Sweeney, 877 S.W.2d 624, 628 (Mo. banc
 1994)). In other words, Rule 55.33(c) applies if the ‘plaintiff ... made a mistake in
 selecting the proper party to sue, i.e., the plaintiff must have brought an action
 against the wrong party.’ Id. (quoting State ex rel. Holzum v. Schneider, 342 S.W.3d
 313, 316 (Mo. banc 2011)). Rule 55.33(c) does not apply, however, ‘where the
 plaintiff seeks to add an entirely new defendant to the case,’ as the “‘[t]he law
 distinguishes between the substitution of parties” -- where relation back may be

 5
 available—and the addition of parties,” where it is not.’ Id. at 272-73 (quoting
 Johnson v. Delmar Gardens W., Inc., 335 S.W.3d 83, 88 (Mo. App. E.D. 2011)).

 Here, the Original Petition named John Doe, individually, and Does 1
 through 100 as defendants. The Amended Petition also named John Doe,
 individually and Does 1 through 100 as defendants. The Amended Petition did not
 add Logan or Kearney as defendants to the case caption, but merely added
 additional factual allegations in the pleading which specifically addressed Logan
 and Kearney. In all material respects, the allegations in the Amended Petition
 addressing the conduct of the ‘Doe’ defendants remained unchanged from the
 Original Petition. The Amended Petition did not substitute Logan and Kearney for
 any of the previously named Fictitious Defendants, and instead added Logan and
 Kearney as additional defendants. As such, the Amended Petition added new party-
 defendants after the expiration of the statute of limitations, and the relation back
 doctrine set forth in Rule 55.33(c) is not applicable. See, e.g., Schultz by Schultz v.
 Romanace, 906 S.W.2d 393, 396 (Mo. App. S.D. 1995) (holding that when plaintiff
 filed amended petition and named specific, new defendants, but did not substitute
 them for previously named ‘Doe’ defendants, the amended petition added new
 parties, and was not eligible for relation back); cf. State ex rel. Holzum, 342 S.W.3d
 at 315-16 (where court examined the specificity of the allegations in original
 petition naming ‘Doe’ defendants to see if identity of person being referred to could
 be ascertained as to permit relation back, but only after noting that the amended
 petition expressly substituted the newly named defendants for previously named
 ‘Doe’ defendants); Maddux v. Gardner, 192 S.W.2d 14, 17-18 (Mo. App. 1945)
 (holding that relation back applied where original petition named ‘Doe’ defendants
 and identified them as the engineer and the fireman who were on an identified train
 that ran over the decedent because the later filed amended petition substituted the
 named engineer and fireman for the previously named ‘Doe’ defendants).

 Additional time to conduct discovery to determine whether the Named
 Defendants were aware of the Original Petition would not have aided the Plaintiffs
 in light of the fact the Amended Petition added new defendants and did not
 substitute those newly added defendants for previously named ‘Doe’ defendants.

Id. at 840-841.

 On appeal, Brown argues that her intent was always to sue the owner of Victoria Arms

Apartments as there “is no reason for her to sue an entity that does not own the apartment

complex.” Further, that she effectively substituted VAALP with VA Second LP when she

dismissed VAALP as a defendant. She contends that Hartman is distinguishable because at the

time of the Hartman court’s dismissal, none of the original parties were substituted for any of the

 6
new parties. Further, at the time the court entered its Order of Dismissal here, VA Second LP was

the sole defendant.3

 We find the rationale of Hartman controlling in this case as well. Although Brown

contends that she always intended to sue the owner of Victoria Arms Apartments, this is not

reflected in her pleadings. Brown’s December 19, 2018, petition identified Victoria Arms

Apartments as being “controlled and operated by” defendant VAALP. Brown did not allege that

VAALP owned Victoria Arms Apartments such as would indicate a mistake in identity regarding

ownership. As Brown did not name VAALP as owner of the Victoria Arms Apartments, but

specifically alleged that the apartments were “controlled and operated” by VAALP, the December

19, 2018, petition does not show that Brown always intended to sue the owner of Victoria Arms

Apartments or, significantly, only intended to sue the owner of Victoria Arms Apartments.

 “Missouri Courts have adopted the Restatement (Second) of Torts (1965) with regard to

premises liability.” Medley v. Joyce Meyers Ministries, 460 S.W.3d 490, 495 (Mo. App. 2015).

The Restatement (Second) of Torts defines a “possessor” as a party “in occupation of the land with

the intent to control it.” Id. (quoting Restatement (Second) of Torts section 328E(a)). A non-owner

of premises may be a possessor, and ownership is not a requirement for possession of the land in

order to establish premises liability. Medley, 460 S.W.3d at 496 (quoting Bowman v. McDonald’s

Corp., 916 S.W.2d 270, 285 (Mo. App. 1995) (overruled on other grounds). Consequently, a

plaintiff may sue a possessor independently from a landowner. See Medley, 460 S.W.3d at 492

 3
 We note that, while Brown contends that Hartman is distinguishable because the Plaintiffs in Hartman
never subsequently dismissed any of the original Defendants to allow the new Defendants to take their place, all
original defendants (Fictitious Defendants) were dismissed by the Hartman plaintiffs prior to appealing the court's
dismissal of the Named Defendants. In fact, after the trial court dismissed the plaintiff's claims against the Named
Defendants, the plaintiffs requested that the court enter an order dismissing the Fictitious Defendants. The court
refused, and the plaintiffs then voluntarily dismissed the Fictitious Defendants, leaving the Named Defendants as the
sole remaining defendants.

 7
(Medley involved an attendee at a conference hosted by Joyce Meyer Ministries, Inc. at the Edward

Jones Dome in St. Louis. The attendee sued Joyce Meyer Ministries, Inc. after tripping and falling

in an area of the Dome the defendant had set up to display and sell merchandise. The attendee

alleged that the defendant “controlled or had the right to control that area of the premises” where

the plaintiff was injured.).

 Here, when Brown requested leave to file an amended petition, she advised the court that

she had been informed by counsel for the owner of Victoria Arms Apartments that the owner of

the property at the time of the incident was VA Second LP. Brown requested leave to “add VA

Second LP as a defendant in this cause.” Brown’s amended petition then named both VAALP and

VA Second LP as defendants, and prayed “for judgment in her favor and against Defendants, jointly

and severally.” While Brown’s original petition mentioned nothing about ownership, her amended

petition alleged that “VA Second LP has held itself out to be the owner of the Victoria Arms

Apartment Complex at the time of the incident giving rise to the Plaintiff’s injury.” Her original

allegation regarding control and ownership remained the same: “On February 22, 2013, Plaintiff

was visiting a tenant who lived in the Victoria Arms Apartments located at 6311 Woodland Ave,

Kansas City, Missouri which is controlled and operated by the Defendant.” While Brown did not

change “the Defendant” to the plural as she had in other allegations in the amended petition after

adding VA Second LP as a defendant, she also did not differentiate between the defendants in that

allegation, suggesting that she considered both VAALP and VA Second LP as controlling and

operating Victoria Arms Apartments.

 VA Second LP then moved to dismiss Brown’s claim with prejudice, arguing that it was

filed approximately one year and seven months after the statute of limitations expired. Only then

did Brown file her “Notice of Voluntary Dismissal and Substitution of Parties” contending that she

 8
was dismissing “her claim against defendant [VAALP] as it was named incorrectly as a party.”

Brown’s answer to VA Second LP’s motion to dismiss then alleged that the relation back doctrine

applied to save her claim against VA Second LP from dismissal because she had “dismissed her

claim against [VAALP], substituting VA Second LP as the defendant in the action.”

 Yet, VA Second LP could not have been substituted for a defendant after it had already been

named a defendant. And the pleadings on their face do not reveal mistaken identity; the pleadings

indicate that when Brown added VA Second LP as a defendant, Brown intended to sue all parties

that controlled and operated Victoria Arms Apartments as well as the owner of Victoria Arms

Apartments. Hence, we cannot create the fiction that when Brown added VA Second LP as a

defendant along with VAALP, asking that the two defendants be jointly and severally liable for

their alleged negligence, that Brown actually removed VAALP as a defendant upon adding VA

Second LP as a defendant. To do so would render meaningless the Rule 55.33(c) distinction

between the substitution of parties, where relation back may be available, and the addition of

parties, where it is not. Hartman, 602 S.W.3d at 840-841.

 Brown’s point on appeal is denied.

 Conclusion

 The circuit court did not err in dismissing Brown’s amended petition. Brown’s amended

petition added VA Second LP as a defendant, and Brown’s subsequent voluntary dismissal of

another defendant did not convert Brown’s addition of VA Second LP as a defendant into a

substitution for the dismissed defendant. Consequently, the relation back doctrine under Rule

55.33(c) is inapplicable in this case.

 9
 Anthony Rex Gabbert, Judge

All concur.

 10